### E. J. Ogden v. Mary E. Wentworth and Frank E. Wentworth.

1. LIMITATIONS—*New Promise—When Sufficient.*—An acknowledgment of indebtedness of such a character as to clearly show a recognition of the debt and an intention to pay it, will remove the bar of the statute of limitations.

Assumpsit, for medical services. Appeal from the County Court of Lake County; the Hon. D. L. JONES, Judge, presiding. Heard in this

court at the May term, 1896.   Reversed and remanded.   Opinion filed December 9, 1896.

CHARLES B. STAFFORD, attorney for appellant.

D. H. PINNEY, attorney for appellees.

MR. PRESIDING JUSTICE HARKER DELIVERED THE OPINION OF THE COURT.

Appellant commenced this suit on the 20th of August, 1895, to recover for medical services performed for appellees and their children, from 1881 to 1887, inclusive.

The amount claimed was $340.

The only defense interposed was that the claim was barred by the five year statute of limitation.   It was replied that the claim was taken out of the statute by a new promise, and upon that issue the case was tried, resulting in a verdict and judgment for appellees.

In reply to a letter from appellant, written in March, 1892, Mrs. Wentworth sent the following :

CHICAGO, March 24th.

DEAR DOCTOR OGDEN :   Your bill and letter this morning was a surprise to me.   I knew I owed you a bill, but I can hardly believe it is the amount you claim.   I can do nothing about it at present, as I have pledged myself to pay so much a month on other debts until they are paid.   When they are paid I will do the same by your claim, as I have no idea of trying to beat you, or any one else, out of money I owe them; you need not fear of your debt being outlawed.

Yours truly,

MARY WENTWORTH,

2324 Calumet Ave.

In reply to a letter written at a later date by appellant's attorney Mr. Wentworth sent the following :

MILBURN, LAKE COUNTY, ILL., March 1, 1895.

Chas. B. Stafford, Esq., Chicago.

DEAR SIR :   Yours of Feb. 27th, at hand.   We would like to have the bill of Dr. Ogden sent us.   When it was

presented to us last, we think it was $100 or $125; are not positive which. The estate of Mr. Warren is not yet settled, and Mrs. W. is only allowed to draw for personal expenses. Our intentions are now, and have been always, to pay what is due the doctor and shall certainly do so at the earliest possible moment. Trusting this will be satisfactory, we are,

Very truly yours,<br>W. F. WENTWORTH.

In our opinion these letters were sufficient to take the case out of the bar of the statute and amount to such a promise to pay the debt as will support a recovery. Horner et al. v. Starkey, Admx., 27 Ill. 13.

The promise of Mrs. Wentworth was to pay the claim when she should finish paying other claims, which she was paying by monthly installments. The promise was not conditional and the court erred in instructing the jury that it was.

The judgment will be reversed and the cause remanded for another trial.