Judge Marshall
delivered the Opinion of the Court.
This action of covenant was founded on a writing executed by Stainton, on the 21st of March, 1816, in which ■ — -after reciting that there had been, for twenty years, sundry settled and unsettled accounts between him and Brown, part for partnership transactions and the balance for moneys advanced him; during all which time, the funds, which lay mostly in lands, were left in his hands — he acknowledges that, on a settlement then made, a balance was found against him of five thousand five hundred dollars, which he promises to pay without interest, in seven years, if providence should so prosper his endeavours as to enable him to do so toithout depriving himself of the means of support, and then proceeds further to say, “ which the said Brown depends on my honor and good faith to perform, if I am able. If, on the contrary, I am not in circumstances to pay said amount in cash, it is agreed, on his part, that he will take, if alive, or if dead, that his heirs, at the expiration of the said time, shall receive the said payment in two tracts of land on which I have a claim in the State of Kentucky, and which I obligate myself to hold for the sole benefit of the said Brown and his heirs; to pay taxes, and do what is necessary and in my power, to preserve the title for him and his heirs, paying all expenses without charge to him,” &e. The land and the condition of the title are then described, and the writing proceeds to say: “The spirit of this contract being, in any event, to secure to said Brown and his heirs all my interest in the two tracts of land above described, which I hereby bind myself to transfer at any time I may be required to do so; but it is understood I am not to avail myself of the friendly in *249 dulgence of the said Brown in paying the debt in this way, if I am, by the blessing of Providence, in circumstances to enable me to pay the money without interest —say five thousand five hundred dollars, at the end of seven years, without injuring my family; which I hereby promise faithfully to do, if I so am enabled; or at all ■events, to-preserve the land, paying all expenses thereon, and delivering transfer or conveyance when required.”
That a dec’n upon the covenant, which does not aver a" demand of the conveyance, but, averlng that the defendant had not conveyed, nor paid the money, assigns a breach in the non-paymentonly,would not authorize a judg't for damages..for ;a failure to convey.
*249 The breach assigned in the declaration is, that the said Stainton, being alive at the expiration of said seven years, did not convey nor transfer to the said Brown, the said several parcels of land, &c. nor did he pay the said sum of five thousand five hundred dollars, or any part thereof; nor has he, or his representatives, administrators or heirs, or either of them, as yet paid the said sum or any part, or conveyed the said land or any part to said Brown: but the same remains unconveyed, and the said sum of five thousand five hundred dollars remains unpaid, &c.
A demurrer to the declaration was overruled; and a judgment rendered against the administrators, for nine thousand eight hundred and sixteen dollars and fifty cents to be levied of assets, &c.: to reverse which a writ of error is prosecuted by the defendants.
The question On the declaration, is, whether any breach of the covenant is shown by its averments; and this depends mainly upon the question whether the ability of the covenantor to pay at the expiration of the seven years, without depriving himself of a support, is to be regarded as a precedent condition to the right of the covenantee to demand the debt. It is not understood that the declaration demands damages for the non-conveyance of the land; which it could not do without averring a demand. The averment that the land had not been conveyed, was necessary to show that the debt had not in fact been discharged by a transfer of the land, either with or without request. If intended to show a separate and substantial breach, it is insufficient.
According to the literal import of the covenant, the covenantor was not bound to convey the land unless *250 requested; but had the privilege of doing so at the end of seven years, if unable to pay the money without depriving himself of a support; and so the covenantee had the right of demanding and receiving a transfer of the land in discharge of the covenant at any time before or after the expiration of the seven years; but was not bound to demand it at any time, unless he chose to take the land instead of the covenant for money; nor to receive it at any time, if, at the end of the seven years, the covenantor was able to pay the money without depriving himself of a support. Assuming that the land was not tendered at the end of the seven years, it was always afterwards at the option of the covenantee to consider the instrument, -and declare upon it, as a covenant to convey the land on request; in which case he must have averred and proved a request; or to regard it as a covenant to pay the money at the end of the seven years; in which case, if the condition as to the ability of the covenantor be valid, he should have averred his ability according to the terms of the condition. For that the condition, of his ability &c. if regarded at all, is precedent to the right of demanding payment in money, is entirely evident.
That the ability of the covenantor to pay in money at the expira.tion of the 7 years, without depriving & c. being a condition precedent: when the non payment is the breach relied, -on, .the declaration must contain an averment, that he was then able &c. or it will be bad on dem’r. Held also, (by two judges, one doubting,) that •the obligation of the covenantor to pay in money, either at the expiration of the 7 years, or after,depended on his ability to pay at that time: hence, an aver•ment to that effect, is essentia], when the nonpayment is the .breach assigned.
Is the condition to be regarded as a substantial and valid part of the contract? That it was so intended by the parties does not admit of a doubt. Its insertion once would prove this, unless contradicted by something else contained in the writing. But we find it inserted twice, and again referred to as the basis of a right in the covenantor to discharge himself by conveying the land. And in the recitals of the instrument, which show that the balance against the covenantor which he was promising to pay, grew out of accounts of which a part, if not all, may have been barred by time, we find evidence, not only that the condition on which the right to payment was made literally to depend, was intended to be a substantial and available part of the contract, but evidence also of the consideration or motive on which the allowance of such a condition was founded. Another -evidence, both of intention and of consideration, is found ;n the fact, that the covenantee is permitted at his op *251 tion, and without other condition than that of merely making known his choice, to take a conveyance of two designated tracts of land in discharge of the acknowledged balance.
It being then clearly the intention of the parties, and a part of their contract, that the ability of the covenantor to pay, should be a precedent condition of his obligation or duty, under this covenant, to pay in money,, can we, in an action founded on this very covenant, disregard that intention, and reject a substantial part of the contract? A condition absolutely and obviously repugnant, may doubtless be rejected. But in the case of Wells vs. Ferguson, 1 Salk. 462, referred to in illustration of this principle, the repugnancy was such as showed plainly that the condition, as expressed, was contrary to the intention of the parties, if, as was to be presumed, the transaction was a real one. And as we apprehend, unless the repugnant matter be so because it is against law, the rule that it is to be rejected as void, is only a rule or mean adopted for giving effect to the intention of the parties, and not for defeating it. Here the intention of the parties is not contradicted by the condition as expressed, but is obviously in accordance with and properly conveyed by it. The condition as expressed is not unlawful. It is not even opposed to any duty acknowledged by the covenant, or necessarily arising from it. For although a balance, upon a settlement of old accounts, is acknowledged, the acknowledgment is so connected with the promise to pay, as to show that the condition of the promise is also the condition or consideration of the acknowledgment.
It is plainly to be inferred from the whole tenor of the instrument, from its recitals, from the long day of payment, from the condition annexed to the promise to. pay even then, and from the alternative right of substituting the land for the money, that the balance acknowledged could not have been coerced but for that acknowledgment; that, in fact, the debt was thereby resuscitated and re-created, and upon the terms contained in the instrument which makes the acknowledgment; and that probably the covenantor would neither have *252 acknowledged the balance, nor promised, but upon these terms.
Whatever, therefore, might be said of such a condition as the present,, if it were annexed to a promise to pay a valid subsisting debt, we are of opinion that it cannot be rejected in this case, without disregarding the spirit as well as the words of the contract, and detaching from the debt and the promise an essential part of the consideration on which they stand*
It has been repeatedly decided by tribunals of the highest respectability, that when a conditional promise, like the present, is made for the payment of a debt barred by the statute of limitations, or discharged by a certificate under the laws- relating to- bankrupts or insolvents, the- condition will be regarded as effectual by the the courts, and as obligatory upon the plaintiff seeking to enforce the promise. Sconton vs. Eixlow, 7 John. R. 36; Bush vs. Barnard, 8 John. R. 407; Wait vs. Morris, 6 Wendell, 394; 2 H. Blackstone, 116.
Under the principle of these deicisions, we are of opinion that the condition in this case, is to be- regarded as valid and obligatory. It is, also, the opinion of a majority of the Court (Judge Marshall doubting on this point,) that according to the fair import of the instrument, the question of the ability or inability of the coyenantor, to pay the money, was to be decided at the end of seven years, and that his obligation to pay it then or after-wards, was dependent on his ability or inability at that time. From which it follows that, in declaring for the non-payment of the money, it is necessary to aver the ability of the covenantor to pay at the end of the seven years, without depriving himself of a support. And as the declaration in this case, neither contains any averment of this sort, nor avers a refusal by Stainton, or his heirs, to convey the land on request, nor alleges a breach of any covenant relating to the land, it shows no cause of action, and should have been adjudged bad on demurrer.
Wherefore, the judgment is reversed, and the cause remanded, with instructions to sustain the demurrer to the declaration.