## CUMMINGS & MANNING *v.* LEVI GASSETT.

A writing in these words,—"For value received of Cummings & Manning, or order, thirty dollars and eighty three cents on demand and interest annually," signed by the defendant, is competent and sufficient evidence under a count for money had and received.

And it seems, that such writing would be sufficient evidence under a count declaring upon it as a promissory note in common form.

A memorandum on the margin of such note, specifying certain items of property at certain sums, the sum total of which, as added together, was equal to the sum on face of the note, cannot be treated as part of the note, for the purpose of showing that the consideration was other than money.

A promise to pay, as soon as the debtor can, a note barred by the statute of limitations is sufficient to take it out of the statute; it is not necessary for the plaintiff to show that the defendant is of sufficient ability to pay the note, in order to entitle him to recover.

ASSUMPSIT upon a promissory note, in common form, with a count for money had and received. Pleas, the general issue and the statute of limitations. The plaintiff replied a new promise. Trial by jury, November T. 1844,—HEBARD, J., presiding.

On trial the plaintiff offered in evidence a written instrument, signed by the defendant, in these words;—" Ludlow, Dec. 11, 1833. "For value received of Cummings & Manning, or order, thirty dol-"lars and eighty three cents on demand and interest annually. "(Signed) Levi Gassett." Below the signature was a memorandum in these words,—"To be paid in one year from date." On the

Cummings et al. *v.* Gassett.

margin was a memorandum, as follows,—"Stove $26,00; Pipe $1,-88; Yarn, $1,70; Oil $1,25;" and the whole was added together, making $30,83. To the admission of this instrument in evidence the defendant objected; but the objection was overruled by the court.

Under the replication to the plea of the statute of limitations the plaintiff called a witness, who testified, that the note in suit came into his hands for collection in 1837; that in the latter part of the summer, or fall, of 1838, he saw the defendant and spoke to him about the note; that the defendant told him he had no money, but asked him if he would take sheep; that the witness at first hesitated, but finally told the defendant he would take sheep; but that the defendant did not say, that he would, or would not, let the witness have the sheep;—that again, in 1841, the defendant spoke to the witness about the note, and told him that he did not wish to be sued, that it was as much as he could do to pay the debt, without paying costs, and "that he would pay it as soon as he could."

The court instructed the jury, that, if the testimony was believed, they must return a verdict for the plaintiffs.

Verdict for plaintiffs. Exceptions by defendant.

*C. French* and *Tracy & Converse* for defendant.

We conclude that the count upon the promissory note is abandoned by the plaintiffs, and that they seek to recover on the count for money had and received.

1. To sustain that count the plaintiffs must prove, that the defendant has actually received *money* to their use; it is not sufficient, that he has received money's *worth*. Chit. on Cont. 602–604. *Beardsley* v. *Root*, 11 Johns. 464. *Shephard* v. *Palmer*, 6 Conn. 95. *Burnap* v. *Partridge*, 3 Vt. 144. *Nightingale* v. *Devisme*, 5 Burr. 2589. *Maxwell* v. *Jamieson*, 2 B. & Ald. 51. *Rodgers* v. *Kelley*, 2 Camp. 123. *Dey* v. *Murray*, 9 Johns. 171. 17 Mass. 563, 579. 14 Mass. 400. If the instrument offered in evidence is not a promissory note, and cannot be declared on as such, for its uncertainty, it is void for all purposes, and cannot be admitted to sustain the count for money had and received. It comes within the doctrine established by the cases of *Brown* v. *Bebee*, 1 D. Ch. 227, and *Wainwright et al.* v. *Straw et al.*, 15 Vt. 215.

2. The instrument itself contains evidence, in the memorandum upon the margin, that it. was not given for money, but for goods. If received at all, it should have been given to the jury, with instructions, that if, from inspection, they found it was given for goods, and not for money, the plaintiffs could not recover.

3. The bar of the statute of limitations is not removed by the new promise proved.. Recent decisions require, for that purpose, that the promise shall be unqualified. *Phelps* v. *Stewart*, 12 Vt. 256. *Cross* v. *Conner*, 14 Vt. 394.

*P. T. Washburn* and *R. Washburn* for plaintiffs.

1. The note offered in evidence was properly received under the special count. An *ambiguity*, to avoid a written instrument, must be such as to render it wholly devoid of meaning, or equally capable of several different constructions. Chit. on Cont. 104. 2 Stark. Ev. 1000. The note, in this case, contains an acknowledgment of *value* received, of the *amount* received, of *whom* received, and *when* that note is to become due. No person can look at it and give it any other construction, than as a promise to *pay* $30,83 on demand. But the memorandum at the bottom of the note is part of the note; *Fletcher* v. *Blodgett*, 16 Vt. 26 ; *Heywood* v. *Perrin*, 10 Pick. 228; and that supplies, by the words "to be paid," every omission in the body of the note.

2. But, at least, the note was admissible under the count for money had and received. *Edgell* v. *Stanford*, 6 Vt. 551. The *memoranda* at the *side* of the note are no part of it, as those *memoranda*, only, are so considered, which contain "an important qualification of the contract." *Fletcher* v. *Blodgett*, 16 Vt. 26. *Exon* v. *Russell*, 4 M. & S. 505. *Williams* v. *Waring*, 10 B. & C. 2, [21 E. C. L. 5, 11.] *Stone* v. *Metcalf*, 1 Stark. 53, [2 E. C. L. 292.] *Pierce* v. *Butler*, 14 Mass. 303. Bayl. on Bills 35, n. (*a,*) 36, n. (*b.*) *Sanders* v. *Bacon*, 8 Johns. 379. Therefore the court cannot infer, from these *memoranda*, that the note was executed for any other consideration than *cash.*

3. The facts shown are amply sufficient to take the case out of the statute of limitations. An unqualified *acknowledgment* of the debt, with no avowed intention not to remain liable for it, is sufficient in this state ; Royce, J., in *Phelps* v. *Stewart et al.*, 12 Vt.

263; and a promise to pay, whether absolute, or *conditional* does necessarily include an acknowledgment of the debt; Tindal, Ch. J., in *Hayden* v. *Williams,* 7 Bing. 163, [20 E. C. L. 86.] The doctrine, which obtained in England prior to the coming in force of the statute of 9 Geo. 4, c. 14, requiring the plaintiff, in case of a *conditional* promise, to prove the condition, has never obtained in this state and is at variance with the distinct rule adopted by this court, while it follows, as a natural consequence, from *other* doctrines of the English courts, which have never been adopted here. In this state, in the case of *Gailer* v. *Grinnell,* 2 Aik. 349, this court held, that, in case of an *acknowledgment* of the debt within six years before suit brought, the plaintiff recovered, not on the ground of having a new right of action, but because the statute bar is removed. And in *Barlow* v. *Bellamy,* 7 Vt. 54, Collamer, J., says, that this point is too far settled to admit of discussion. But in England it is held, that the promise, which takes a case out of the statute, constitutes *a new cause of action.* Best, Ch. J., in *A' Court* v. *Cross,* 3 Bing. 329, [11 E. C. L. 126.] Gaselee, J., in *Scales* v. *Jacob,* 3 Bing. 638, [13 E. C. L. 88.] Tenterden, Ch. J., in *Tanner* v. *Smart,* 6 B. & C. 603, [13 E. C. L. 274.] Gaselee, J., in *Gould* v. *Shirley,* 2 M. & P. 581, [17 E. C. L. 221.] *Hayden* v. *Williams,* 7 Bing. 163, [20 E. C. L. 86.] The result of this doctrine is, that the new cause of action must be shown by the declaration, and that, if the plaintiff counts upon an *absolute* promise, it is not supported by proof of a *conditional* agreement,—a result which cannot follow here, where the only effect of a new promise is to revive and draw down the *original liability.* So in this state it has been established, that an unqualified *acknowledgment* of the debt is all that is necessary. *Phelps* v. *Stewart et al.,* 12 Vt. 263. *Blake et al.* v. *Parleman,* 13 Vt. 576. *Adm'rs of Chapin* v. *Wardner,* 15 Vt. 563. *Minkler* v. *Estate of Minkler,* 16 Vt. 196. *Williams* v. *Finney,* 16 Vt. 299. But in England, at the time when the decisions requiring the *conditions,* attached to conditional promises, to be complied with were made, an *acknowledgment·* alone, however definite, was not held sufficient to take the case out of the statute. *A 'Court* v. *Cross,* 3 Bing. 329. *Tanner* v. *Smart,* 6 B. & C. 603. *Gould* v. *Shirley,* 2 M. & P. 581. *Hayden* v. *Williams,* 7 Bing. 163. Hence, requiring an express *promise*

---

Cummings et al. *v.* Gassett.

---

to be made, it followed, as a natural consequence, that the promise made must be taken according to its terms, and that, if conditional, the condition must be regarded.

The opinion of the court was delivered by

REDFIELD, J.  1.  Not to spend time upon the other views taken of this case in argument, we think it very obvious, that this writing, defective as it confessedly is, did express, with proper certainty, that the defendant had *received money* of the plaintiffs to the amount of $30,83, for which he was liable to them; and if so, the proper action was assumpsit for money had and received.

2.  But, if it were necessary, it seems to me it would not be very difficult to supply the omission in this note by intendment.  There is but one way, in which it can be supplied; no two persons would think differently in regard to that.  In such cases, it seems to me, courts should, if they do not choose to stultify themselves in the estimation of all common sense men, supply the defect; and I have no doubt we should, in this case, if it were necessary.

3.  It is very questionable, whether the *memoranda* upon the note come within any decided case of controlling the other part of the contract.  The one at the bottom is in favor of the payee, and might therefore have been placed there for the very purpose of supplying the defect in the note.  The one upon the margin is quite too uncertain to be relied upon to determine the *consideration* of the note. It raises no such suspicion, except from the *coincidence of sums;* and that might have happened from other reasons.  It was merely placed there to aid the memory of some one, in regard to some subject; and that it was not intended to form part of the note is very obvious.

4.  The testimony in regard to the statute of limitations seemed to be all, that has been required in this state for many years.  The rule upon that subject has been too often stated to be here repeated.

                                        Judgment affirmed.