NATHAN HORNER, and BENJAMIN HYPES, Plaintiffs in Error, *v.* MARY C. STARKEY, Administratrix of the Estate of William C. Starkey, deceased, Defendant in Error.

ERROR TO MONROE.

If the maker of a note says to the payee, that if he will wait awhile he will pay the note; and that he will pay when he "makes a raise," not being at the time in a condition to pay; the note will be taken out of the statute of limitations.

THE plaintiffs in error filed the two notes sued on in this case, in the County Court of Monroe county, for allowance in the case of the decedent. The County Court refused to allow the claim. The plaintiffs in error took an appeal to the Circuit Court, where the cause was tried by the court without a jury, OMELVENY, Judge, presiding, at May term, 1861, the court affirming the judgment of the County Court, and sustaining the plea of the statute of limitations interposed by the defendant.

On the trial, the plaintiffs introduced a promissory note under seal, dated November 14, 1838, made by Wm. A. Strong and Wm. C. Starkey, for the payment of fifty-one dollars and seventeen cents one day after date, with interest at twelve per cent. from date, and payable to Horner & Hypes. Also, another promissory note under seal, dated November 14, 1838, made by Wm. C. Starkey and Wm. A. Strong, for the payment of twelve dollars and sixty-eight cents, with twelve per cent. interest from date, and payable one day after date to Horner & Hypes.

*Henry Horner,* for plaintiffs, testified that he was collecting agent for them, and as such handed to, or sent said notes to Thomas Quick, an attorney of Monroe county, for collection, in the year 1848 or 1849; that Starkey left Lebanon and re-

moved to Waterloo in 1839, and Horner & Hypes dissolved partnership in 1840, and that in these notes were all their accounts against Starkey.

*Thomas Quick* testified, that Horner placed in his hands evidences of indebtedness against Starkey for collection in 1848 or 1849. Believed they were sent in a letter, and are the ones now sued on. It was an old claim of about the amount of these notes, sixty dollars and interest. In 1848 witness went, saw Starkey, and told him the notes were placed in his hands for collection. Starkey said, if Hypes would wait awhile he would pay it to witness. He said, I am not in a condition now to pay it, but say to Mr. Hypes, that when I make a raise I'll pay it. Witness thinks he was not at that time able to pay. Witness told Starkey at the time of conversation, the amount and nature of the indebtedness. Witness afterwards sent the papers back to Hypes, with a statement of what Starkey said.

Plaintiffs assign for error : That the court erred in finding for defendant, and in refusing to grant a new trial.

WM. H. UNDERWOOD, for Plaintiffs in Error.

OMELVENY & KENNEDY, for Defendant in Error.

CATON, C. J. Here is not a simple admission or recognition of the existence of the debt, leaving us to infer a promise to pay, in order to take it out of the statute of limitations, but we have a direct promise to pay it, not then, it is true, but in the future. The maker of the notes said, if the payee would wait a while, he would pay them. He said he was not in a condition then to pay them, but that *when he made a raise* he would do so. This the defendant insists was a conditional promise, to be performed upon the happening of an event, which is not shown to have transpired. Much as we are disinclined to fritter away this statute of repose, we cannot adopt this, as the meaning of the party. If his language is properly reported, he meant to convey the idea that he would certainly pay the debt, but wanted further time to do so. The idea he designed to convey was, that he would make exertions, and as soon as possible, would pay the debt; and he did not intend to convey the meaning, that he would pay only upon the condition that his circumstances should subsequently so improve, as to place in his hands the means of doing so. If we disapprove of the rule originally adopted for taking cases out of the statute of limitations, that rule is well settled now, and we must not attempt to evade it, but

give it as fair an application as if it met with our cordial approbation.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*