MOODY S. PROCTOR & another *vs.* FREDERICK S. SEARS.

A direct promise, when of age, is necessary to establish a contract made during minority, and a mere acknowledgment will not have that effect.

A conditional promise, when of age, to perform a contract made during minority, will not sustain an action thereon, without proof that the condition has been fulfilled.

CONTRACT on a promissory note payable to the plaintiffs, and executed by the defendant during his minority.

At the trial in the superior court, " the plaintiffs testified that the defendant said he would pay the note the first he paid after paying a certain mortgage; also that in a second conversation the defendant told the plaintiffs he would pay $25 towards it, and pay the rest in instalments; also that in a third conversation the defendant said he ought not to pay all, but would pay $25 for the note." The defendant denied that he ever promised to pay the note since his majority, but admitted that at one time he promised to pay $25 for the note, and at another time said he would pay some part of the note rather than make any trouble, but always said he did not think he owed it. On cross-examination, the defendant testified that he had always admitted it was a debt, and that he would pay it when he could. *Allen*, C. J. instructed the jury that an acknowledgment of the debt by the defendant would not be sufficient to entitle the plaintiffs to recover, but there must be a promise to pay it; and if the promise was to pay the debt when the defendant should be able to do so, there must be proof of his ability to pay it, to entitle the plaintiffs to recover.

The jury returned a verdict for the defendant, and the plaintiffs alleged exceptions.

*D. E. Ware*, for the plaintiffs.

*J. E. Carpenter*, ( *G. White* with him,) for the defendant.

METCALF, J. The right instructions were given to the jury. It has long been settled — as was said by Parker, J. in *Smith v. Mayo*, 9 Mass. 64 — that " a direct promise, when of age, is necessary to establish a contract made during minority, and that

a mere acknowledgment will not have that effect." See the authorities collected in 2 Greenl. Ev. § 367, and Story on Sales, (3d ed.) 36, 37.

The testimony in the case was contradictory; and the jury must have found, under the instructions which they received that the defendant did not promise, after he came of age, to pay the note; or, that if he did promise to pay it, or a part of it, when he should be able, the plaintiffs had not proved that he was able to pay. *Thompson* v. *Lay*, 4 Pick. 48.

*Exceptions overruled.*