## William W. Boone v. Patrick H. A'Hern.

1.  LIMITATIONS—*Sufficiency of a Promise to Bar the Statute.*—A promise to pay when the promisor is able, or on a named contingency, is a conditional promise and there can be no recovery without proof that the condition has been fulfilled or that the contingency has happened.

Boone v. A'Hern.

2. PRACTICE—*On Appeals from Justices of the Peace—Waiver.*—On an appeal from a justice of the peace, where both parties on the call of the case on the regular call of the docket announce themselves ready for trial and proceed to try the case on its merits, all irregularities in perfecting the appeal and entry of appearance are waived.

**Assumpsit,** on an open account. Appeal from the County Court of Cook County; the Hon. JOHN BATTEN, Judge, presiding. Heard in this court at the March term, 1901. Affirmed. Opinion filed December 23, 1901.

FRED H. ATWOOD, FRANK B. PEASE and CHAS. O. LOUCKS, attorneys for appellant.

JAMES JAY SHERIDAN, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a judgment of the County Court, rendered in that court on appeal from a justice of the peace. Appellant sued the appellee for a balance of $133.75, which he claimed to be due him from appellee for the hire from him of horses by appellee.

The evidence tends to prove that appellee owed appellant the said balance. The indebtedness accrued due about the last of November, 1891. Appellee made certain small payments on the original bill, the last payment being December 12, 1894. The defendant relied on the statute of limitations, which limits the bringing of such action as the present to a period within five years from the time when the right of action accrued. That the action was not commenced within five years from December 12, 1894, when the last payment was made by appellee, is not disputed. But appellant claims that promises to pay the balance claimed by appellant were made by appellee, and relies on such promises to take the case out of the statute.

Appellant, in his examination in chief, was interrogated and answered as follows:

Q. "After 1894, did you see Mr. A'Hern?" A. "I did; every time I had a chance to go north to see him, and in 1898 particularly, because I had been out of work, at that time, a long time, and we didn't have any money

in the house, and I went to him then, in January, 1898, particularly, and asked him for money."

Q. "What did he tell you?" A. "He said he didn't have any, and he called his wife over to him, and she said she didn't have any, and he said they were hard up, and that if he did have the money he would pay the bill."

Q. "Did you, at that time, present him a bill?" A. "Yes, sir, not only at that time but in all the years through from 1894 to 1898, including 1898."

On cross-examination the following questions were asked appellant and answers given:

Q. "Mr. Boone, you said in your direct testimony that Mr. A'Hern said he would pay if he had the money?" A. "Yes, sir, he did."

Q. "Was there anything more to the conversation than that?" A. "Yes, sir, he said that he would pay as soon as he got the money."

Q. "What did he say to you, in short, about this account?" A. "That was all; that he didn't have the money, and that when he got it he would pay me."

The court held that the evidence was insufficient to remove the bar of the statute, and instructed the jury to find for the defendant.

In Mellick v. De Seelhorst, Breese, 221, the court say:

"An unqualified promise to pay the debt has, by all the decisions, been held sufficient to take the case out of the statute. When the promise to pay is accompanied with a qualification, or upon a contingency, the court are of opinion that the proof rests upon the plaintiff to do away with the qualification, or show that the contingency has happened."

In Kimmel v. Schwartz, Ib. 278, the court say:

"The promise to pay must be absolute and unqualified, and is not to be extended by implication or presumption beyond the express words of the promise."

In Keener v. Crull, 19 Ill. 189, a witness testified that a testator whose estate was sought to be charged, said "that he had agreed to give his daughter (one of the plaintiffs) two hundred dollars per year for her work, and he had not paid her yet, and she had gone to Ohio." Of this language the court say:

"The amount of the debt was not named, or in any manner indicated, nor was there any language unequivocally importing a present intention or undertaking to pay."

The court in the last case announces this rule:

"The new promise may arise out of such facts as identify the debt, the subject of the promise, with such certainty as will clearly determine its character, fix the amount due, and show a present unqualified willingness and intention to pay it, at the time acted upon and acceded to by the creditor or promisee," citing numerous cases.

In Carroll v. Forsyth, 69 Ill. 127, this language is used:

"The law, as recognized by this court, is, that to remove the bar of the statute of limitations it is incumbent on the plaintiff to prove an express promise to pay the money, or a conditional promise with a performance of the condition, or an unqualified admission that the debt is due and unpaid, nothing being said or done at the time rebutting the presumption of a promise to pay; it must be of such a character as to clearly show a recognition of the debt, and an intention to pay it.   Parsons v. Northern Illinois Coal and Iron Co., 38 Ill. 433; Ayers v. Richards, 12 Id. 148; Norton v. Colby, 52 Id. 199."

The court, in the same case, quote with approval the following from Bell v. Morrison, 1 Peters, 362:

"If there be accompanying circumstances which repel the presumption of a promise or intention to pay, if the expressions be equivocal, vague and indeterminate, leading to no certain conclusion, but at best to probable inference, which may affect different minds in different ways, we think they ought not to go to the jury as evidence of a new promise to revive the cause of action."

See also, Wachter v. Albee, 80 Ill. 47, in which case the court say:

"When, however, a party permits a debt to run, making no effort to collect it until the statute of limitations can be pleaded in bar of the action, he is in no position to call upon the court to aid him upon slight proof; on the contrary, the evidence ought to be clear and satisfactory, to overcome the bar of the statute."

In Tanner v. Smart, 6 Barn. & Cress. 603, the promise was: "I can not pay the debt at present, but I will pay it as soon as I can."   Held, that the promise was conditional

and did not take the case out of the statute without proof of ability to pay.

In Bethell v. Bethell, 34 Chan. Div. 561 (1887), the deceased, whose estate was sought to be charged, wrote to the claimant: "I have been bundled off to the Cape for a year, on the shortest notice, by an infuriated parent. Will you make out your account and send it to me, addressed Postoffice, Durlan, Natal. I will send it to you as soon as possible. Send your account next week. Mail every Thursday." In another letter, written after receiving the account, he wrote: "I will send you a check as soon as I can." In still another letter he wrote: "I will send you some coin home as soon as ever I can." Held, that there was only a conditional promise, and there being no proof of ability to pay, the claim could not be allowed. To the same effect are Davies v. Smith, 4 Espinasse, 36; Scales v. Jacob, 3 Bing. 638; and Ayton v. Bolt, 4 Bing. 105.

The following American authorities support the proposition that a promise to pay when the promisor is able, or on a named contingency, is a conditional promise and there can be no recovery without proof that the condition has been fulfilled or the contingency happened. Richardson v. Bricker, 7 Col. 58; Hanson v. Towle, 19 Kan. 273; Mattocks v. Chadwick, 71 Me. 313; Bidwell v. Rogers, 10 Allen, 438; Tompkins v. Brown, 1 Davis, 247; LaForge v. Jayne, 9 Penn. St. 410; Parsons v. N. Ill. C. & I. Co., 38 Ill. 430, 434; Norton v. Colby, 52 Ib. 198, 202; Mullett v. Shrumph, 27 Ib. 107; Mellick v. De Seelhurst, Breese, 221.

Tested by the authorities cited, appellee's statements, as testified to by appellant, can not, at the utmost, be otherwise regarded than a conditional promise to pay money.

"He said he didn't have the money * * * and he said he was hard up, and that if he had the money he would pay the bill. He said that he would pay as soon as he got the money."

There is no proof that he ever got the money or was able to pay. In the interviews between appellant and appellee no amount was mentioned. Appellant testified

that he merely asked appellee for money.  He says he presented him with an account, but the amount presented is not in evidence; what balance it showed, if any, or whether appellee examined it, does not appear.  Appellant produced and put in evidence a book showing an account against appellee, which he testified he found the Sunday next preceding the trial, but there is no evidence that the account, which he says he presented to appellee, was a copy of the account in the book.  We do not think there was a sufficient identification of the debt claimed.

In Norton v. Colby, 52 Ill. 192, 202, the court say :

" In Keener v. Crull, 19 Ill. 193, this court speaks of the identification of the debt as the first condition of a new promise.  On this point, see also Burr v. Burr, 26 Penn. (2 Casey), 284, and Moore v. Bank of Columbia, 6 Pet. 86."

The cases cited by the court fully support the view expressed.

Appellant's counsel rely mainly on Horner v. Starkey, 27 Ill. 13, and Sennott v. Horner, 30 Ib. 429.  In both these cases the court held that a promise to pay when the promisor could make a raise, was not a conditional promise.  No authorities are cited in support of the holding in either of the opinions, and we are of opinion that the decisions are not in harmony with later decisions of the Supreme Court, nor with the great weight of authority.

The appeal from the justice in this case was taken by appellee by filing his appeal bond with the clerk of the County Court April 17, 1900; no summons was served on Boone, the appellant, but January 23, 1901, an appearance was entered for Boone.  The same day the cause was called for trial, when the plaintiff, appellant here, moved for a continuance, on the ground that his appearance had not been entered ten days before the first day of the term, which motion was overruled, and this is assigned as error.  In support of this assignment, counsel for appellant rely on sections 65, 67 and 68 of the act concerning justices of the peace, etc., in force July 1, 1872, 2 S. & C. Stat. 1896, pp. 2475-6, and on the opinion in Camp v. Hogan, 73 Ill. 228.

In 1895, an act was passed, entitled "An act to revise the law in relation to justices of the peace and constables," which took effect July 1, 1895. (Ib., p. 2405.) Sections 67 and 68 of the act of 1872 are omitted from the act of 1895, and as the latter act purports to be a revision of the entire subject-matter of the former, at least in so far as it relates to appeals from justices, the writer is of opinion that sections 67 and 68 are repealed by the later act. Waiving this question, however, and on the hypothesis that sections 67 and 68 of the earlier act are in force, appellant is not in a position to take advantage of them. It appears from the record proper that, December 15, 1900, the cause was re-instated in the record, and placed at the foot of the trial calendar; and it appears from the bill of exceptions that such re-instatement of the cause was made on motion of appellant's attorney. It also appears from the bill of exceptions, that appellant's attorney, after moving for a continuance, announced to the court, "We are ready for trial, if your honor please," and then proceeded to try the case on the merits, and examined witnesses on behalf of appellant. Both parties consented to the trial, the court had jurisdiction of the persons of both parties, and of the subject-matter, and appellant's motion was waived by his consenting to and proceeding with the trial. Wasson v. Cone, 86 Ill. 46; Belford v. Beatty, 145 Ib. 414.

Camp v. Hogan, *supra*, does not support appellant's contention. In that case there was no trial; the appeal was dismissed on motion. The court did not err, as contended by appellant's counsel, in taking the case from the jury. It was a question of law for the court, whether the alleged promise of appellee was, or not, conditional, and the court was, as we think, warranted in holding that it was conditional; and, even on the hypothesis that there could be a recovery on the alleged promise, appellant failed to produce any evidence tending to prove performance or fulfillment of the condition, which is an element essential to recovery.

The judgment will be affirmed.