C. Quinlan, Defendant in Error, v. Gus Thompson, Plaintiff in Error.

### Gen. No. 14,819.

STATUTE OF LIMITATIONS—*what promise to pay sufficient to remove bar.* An unqualified promise to pay a debt, accompanied by a statement of inability then to pay, is sufficient to arrest the running of the statute.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. MAZZINI SLUSSER, Judge presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed December 23, 1909.

CRATTY BROS. & JARVIS and CHARLES S. KNUDSON, for plaintiff in error.

P. F. MURRAY, for defendant in error; JOHN T. MURRAY, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This is a suit to recover an alleged balance of $130 claimed by the plaintiff to be due on an open account for merchandise. The suit was begun May 29, 1908,

and the last payment on the account was made June 23, 1902, over five years intervening after the cause of action is said to have accrued.

The defendant does not deny the correctness of the original account and that the balance claimed has not been paid, but contends that the claim is barred by the statute of limitations. The only question involved is whether the defendant acknowledged the debt and by an alleged promise to pay since the last payment on account was made and within five years before the suit was begun has taken the debt out of the bar of the statute.

The evidence introduced on the part of the plaintiff is that of the plaintiff's bookkeeper. He testified that the balance due upon the account on June 23, 1902, when the last payment by the defendant was made, was $130; that in 1903 the defendant called on the plaintiff at the latter's place of business and in the presence of the witness said that he expected to get into business in a few months and that "he would pay just as soon as he was able," or that "if he did not get started in business and get regular employment, that he would then pay just as soon as he could get the money;" that defendant did not dispute the account and was shown a statement of it. The witness further testifies that in 1905 in response to a letter from plaintiff, the defendant again came in and saw the plaintiff, and told him in presence of the witness, that he, the defendant, "could not pay then but that he would pay as soon as he was able or got employment; that he need not be afraid of the account, but that he would pay it when he could; that the account was correct," and that defendant was shown a statement of the account.

The defendant admitted that he did receive letters from the plaintiff, one in 1903, and another in 1905, and that he called on plaintiff both times; but testifies that he did not make the statements ascribed to him by plaintiff's witness, but "told Quinlan the first time in 1903 that I could not pay and did not know when I

could, as I was hard up and my family needed all the money I could give them;" that he never told plaintiff at any time "that the account was correct and that I would pay when I got employment or got started in business or when I was able."

The Municipal Court found the issues of fact in favor of the plaintiff and gave judgment against the defendant for the amount claimed.

It is contended in behalf of the defendant that "a promise to pay when the promisor is able or on a named contingency, is a conditional promise and there can be no recovery without proof that the contingency has happened." The cases are not harmonious on this question, but it must be regarded as settled in this state. In Walker v. Freeman, 209 Ill. 17-23, the court says: "There is no force in the arguments that the statements by appellant in substance, in his letters that he will pay when he is able, and that he expects soon to have an increase in his salary and that he had other indebtedness to which he felt it his duty to give preference and which he would first pay before paying the note in question, made the promise conditional. Such promises are to be performed in the future." It was held that the letters referred to constituted "an unqualified promise to pay the debt, thereby removing the bar of the statute."

Among the cases cited in support of the views expressed in that case is Horner v. Starkey, 27 Ill. 13. In that case it was held that a statement of the debtor that "he was not in condition then to pay  *  *  * but that when he made a raise he would do so," was "a direct promise to pay" the debt, "not then, it is true, but in the future."

These views are decisive of the case before us. The judgment of the Municipal Court must be affirmed.

*Affirmed.*