## 24799. WILCOX *v.* TURNER.

DECIDED JULY 19, 1935.

*Augustine Sams, Grigsby H. Wotton,* for plaintiff in error.
*H. H. Turner,* contra.

GUERRY, J. H. H. Turner filed suit against G. E. Wilcox for

the sum of $700, together with interest, and with all costs of collection, including 15% attorney's fees. The suit was based on a written instrument, which was attached to the petition as an exhibit, in the ordinary and usual form of a promissory note, as follows: "Atlanta, Ga., March 3, 1930. *As soon as possible* [italics ours] next after date I (or we) jointly and severally promise to pay to the order of H. H. Turner the sum of $700, value received, with interest from date at the rate of 8% per year, with all costs of collection, including 15% attorney's fees, if collected by law or through an attorney at law." The instrument then provides for waiver of homestead and exemption rights, etc. By amendment to the petition it was alleged: "It has been possible for the defendant to have paid the note sued upon since the same was made." Defendant demurred on the grounds substantially (1) that the petition set out no cause of action against the defendant, and (2) that "the petition as amended sets forth no cause of action, because the amendment merely says that it 'has been possible' for the defendant to pay the note sued upon, but fails to allege that it is now possible, or was possible when suit was filed, or that demand was ever made on defendant when it was possible for him to pay said note." The trial judge overruled the demurrer, and the defendant preserved his exceptions by exceptions pendente lite. The case proceeded to trial on its merits, and, after the introduction of evidence for both the plaintiff and the defendant, the trial judge directed a verdict for the plaintiff. The trial judge overruled defendant's motion for a new trial, and the movant excepted.

The main questions arising in this case involve the construction of the phrase "as soon as possible," in the writing sued upon. Was the writing a conditional obligation, thereby making it necessary that the plaintiff allege and prove the happening or occurrence of the condition in order to recover? And if conditional, was it conditional as to the debt itself or merely as to the time of payment? There seems to be a hopeless conflict in the authorities as to whether the expressions "as soon as he could," "when able," "as soon as possible," "when he became able," are or are not conditional. In First Cong. Soc. *v.* Miller, 15 N. H. 520, it was held that a promise to pay a promissory note barred by the statute of limitations "as soon as he could" was not a conditional, but an absolute, promise to pay. "The words following the promise to pay are too uncer-

tain and indefinite to constitute a condition." See also Butterfield *v.* Jacobs, 15 N. H. 140. However, the conclusions in these cases have been criticised in Barker *v.* Heath, 74 N. H. 270 (67 Atl. 222), where it was held that a promise to pay a debt "as soon as she could" was conditional, and that the duty devolved upon the creditor to show that the condition had been fulfilled. In Cummings *v.* Gassett, 19 Vt. 308, the court, in considering whether a new promise was sufficient to revive a debt barred by the statute of limitations, held a promise to pay as soon as the debtor can to be an absolute and not a conditional promise. In Norton *v.* Shepard, 48 Conn. 141 (40 Am. R. 157), it was said: "In the case at bar the promise of the defendant was 'I will pay them [referring to the debts] as soon as possible,' and the question is, whether these words constitute a sufficient acknowledgment to take the case out of the statute, in view of the principles above stated. The defendant insists that the promise referred to was conditional, and that it can not avail the plaintiff without proof that it was possible for the defendant to pay. It seems to us that the words 'as soon as possible' are too uncertain and indefinite to amount to a condition. They do not point to any future event capable of proof. It is said they mean 'as soon as I am able.' This would not help the matter unless we assume that general financial ability is intended, which might be susceptible of proof. But neither the words nor the context require this restricted meaning. If the debtor should have insufficient property to pay all his debts, it would not follow that it was not possible to pay the debt in question. He might do so perhaps by borrowing the money, by some friendly aid, or by his future earnings. The words do not necessarily imply poverty in the promisor; they might with equal propriety be used by a man of wealth, who at the time had no money on hand, but who had debts of large amount due him or who had other estate not at his immediate disposal. What would be possible for one to accomplish must be exceedingly difficult of proof, because it must depend so much on its own exertions. Why the debtor used the language in question does not appear. The language may have been understood by both parties at the time as pointing to a speedy payment. If a man of large estate should use the words, the creditor would have the right to expect his money very soon, while if used by another they might afford little encouragement. So that if the promise in

question was to be considered express, we should incline to hold it unconditional. But the language may be construed as an acknowledgment of the defendant's indebtedness to the plaintiff, and as such it clearly admits the continued existence of the debt and implies a willingness, and even a positive intention, to pay it; and the words 'as soon as possible' do not really restrict or limit the meaning and force of the acknowledgment." In Horner v. Starkey, 27 Ill. 13, it was said: "The maker of the notes said, if the payee would wait a while, he would pay them. He said he was not in a condition then to pay them, but that when he made a raise he would do so. This the defendant insists was a conditional promise, to be performed upon the happening of an event, which is not shown to have transpired. Much as we are disinclined to fritter away this statute of repose, we can not adopt this as the meaning of the party. If his language is properly reported, he meant to convey the idea that he would certainly pay the debt, but wanted further time to do so. The idea he designed to convey was, that he would make exertions, and, as soon as possible, would pay the debt; and he did not intend to convey the meaning that he would pay only upon the condition that his circumstances should subsequently so improve as to place in his hands the means of doing so." In Boone v. A'Hern, 98 Ill. App. 610, it was held: "A promise to pay when the promisor is able, or on a named contingency, is a conditional promise, and there can be no recovery without proof that the condition has been fulfilled or that the contingency has happened." In Smithers v. Junkers, 41 Fed. 101, it was said: "A note for value received, promising to pay a certain sum at the maker's convenience and upon the express condition that 'he is to be the sole judge of such convenience and time of payment,' may be enforced by an action after a reasonable time on demand and refusal of payment. It does not give to the maker the sole right to say when it would suit his convenience to pay it." See also Lewis v. Tipton, 10 Ohio St. 88 (75 Am. D. 498). If any hardship in this respect flowed from the vagueness of the contract, it is to be taken most strongly against the maker of the note. Veasey v. Reeves, 6 Ind. 406. In Staintons v. Brown, 36 Ky. 248, it was held that a promise to pay balance found owed in settlement of accounts, by one partner to another, "at the end of 7 years, if providence should so prosper his endeavors as to enable him to do

so without depriving himself of the means of support, which the said Brown depends on my honor and good faith to perform, if I am able," was conditional upon the promisor "being able" at the end of 7 years to pay the obligation. Also in Eckler *v.* Galbraith, 75 Ky. 71, it was held: "A promise by a bankrupt to pay 'when able' a judgment against him from which he had been discharged is founded upon a moral obligation, and is enforceable by suit against him when he is able to pay it." In these cases the court criticised the ruling in Kincaid *v.* Higgins, 4 Ky. 396, where it was said: "A promise to pay as soon as debtor possibly can is in contemplation of law a promise to pay presently. The law supposes every man able to pay his debts, and if the ability to pay was a question to be tried, the only practicable mode of trial is by execution, and of this it is not yet too late for the defendant in the court below to have full benefit."

Other decisions have made the distinction in such cases that the promise to pay is construed as absolute, and the time of payment as indefinite. In Crooker *v.* Holmes, 65 Me. 195 (20 Am. R. 687), it was said: "The maker of the note promises to pay when he shall sell the place he lives on in Oxford, Maine. The debt is due in presenti. Its payment is postponed to a future time, but the debt none the less exists. The debt is absolute, the time of payment indefinite." Possibly the weight of authority is to the effect that in such cases the promise itself is conditional and not merely the time of payment. New York cases seem to hold this principle without variance. In Scanton *v.* Wislord, 7 Johns. 36, it was held that a promise by one to pay a note, liability from which had been discharged in bankruptcy, "when he was able without distressing his family," was a conditional promise, and that in a suit on such a promise it was incumbent on the plaintiff to show that the defendant was of sufficient ability to pay without distressing his family. In Tebo *v.* Robinson, 100 N. Y. 27 (2 N. E. 383), it was said, in holding that a promise to pay a note "when able" is conditional: "The cause of action on this promise accrued as soon as the defendant had the pecuniary ability to pay his debt. Proof that the defendant at a particular time subsequent to October 19, 1872, had property equal to or greater than the amount of the plaintiff's debt, would not conclusively show that he was able to pay the debt within the meaning of the promise so as to give a right of

action. This fact might be consistent with the utter insolvency on the part of the defendant, or the property might be of such a character that to deprive him of it would take away his means of livelihood as effectually as depriving a mechanic of his tools would deprive him of means of support. A promise to pay when able is to be reasonably interpreted. On the one hand it does not imply ability to pay without embarrassment, or even without crippling the debtor's resources or business, while on the other hand ability to pay can not be fairly implied while the debtor, although he may be in possession of property sufficient to pay the particular debt, is plainly insolvent, or when payment, if enforced, would strip him of his means of support. The creditor, on a promise of this kind, reposes very much on the good faith of the promisor. He generally relies upon the debtor's making known any change in his pecuniary circumstances which enables him to pay the debt, although there is no duty of voluntary disclosure. It is not contemplated by the parties that the debtor will pay the debt out of earnings necessary for the support of himself or his family, or that he will pay the particular debt to the prejudice of other creditors whose debts are absolute and unconditional." See also Wait v. Morris, 6 Wend. (N. Y.) 394; In Re Knab, 38 Misc. 717 (78 N. Y. Supp. 282); Sherman v. Wakeman, 11 Barb. (N. Y.) 254; Scott v. Thornton, 104 Tenn. 547 (58 S. W. 236). In Richardson v. Brecker, 7 Colo. 58 (1 Pac. 433), it was said, in holding that a promise to pay a debt barred by the statute of limitations when debtor "became able" was conditional: "The suit is upon the contract created by the new promise, and therefore, if such new promise be conditional, the plaintiff is not entitled to recover except upon the performance or happening of such condition; and the burden of proving the same rests upon him. 2 Gr. Ev. § 440, note; Wood on Lim. § 79, notes. If the new promise in this case was to pay the note upon the sale of coal lands, it clearly devolved upon plaintiff to prove such sale; so, also, if the new promise was to pay when able, we think it was plaintiff's duty to establish defendant's ability to do so. Upon this question, however, there is some conflict of authority. In Illinois, Connecticut, Vermont, and New Hampshire, it is held that a promise to pay 'when able,' 'as soon as possible,' 'when I can,' 'as soon as he could,' were not conditional. It is said that these phrases, following a promise, are too uncertain to

constitute a condition [citing Horner *v.* Starkey, Cummings *v.* Gassett, Norton *v.* Shepard, and First Cong. Soc. *v.* Miller, supra]. But we think the weight of authority, as well as the better reason, supports the position that the promise to pay 'when able' is conditional; of course, the expression must be construed as referring to financial ability." See also Barnett *v.* Bullett, 11 Ind. 310; Halladay *v.* Weeks, 127 Mich. 363, 89 A. S. R. 478; Wilcox *v.* Williams, 5 Nev. 206; Parker *v.* Butterworth, 46 N. J. L. 244; Perkins *v.* Cheney, 114 Mich. 567; Cooper *v.* Jones, 128 N. C. 40 (38 S. E. 28); Chandler *v.* Gloover, 32 Pa. St. 509; Proctor *v.* Sears, 86 Mass. 95. It is thus held that the statute of limitations does not begin to run on such a promise until the promisor became able to pay. See Baskirk *v.* Byers, 127 Cal. 528. In the case of Denny *v.* Wheelwright, 60 Miss. 733, it was said: "Where in an action upon a contract it appears that the defendant promised to pay when able or when he became able, it is error to instruct the jury that the plaintiff, relying on such promise, must prove, not only that the defendant had become able to pay the debt, but that his ability continued up to the commencement of the suit. When the defendant became able to pay, the promise became absolute, and a right of action then existed in favor of the plaintiff which could not be lost by the subsequent insolvency or inability of the defendant to pay the debt." Most of the decisions quoted, holding such a promise to be conditional, have construed the phrases "when able," etc., to refer to the financial ability of the promisor to pay.

In spite of what appears to be the weight of authority, we think the better rule is that the promise is not conditional, and are disposed to follow the construction placed thereon in Norton *v.* Shepard, supra. It would seem to us that the expression "as soon as possible" is not necessarily limited to financial ability to pay, but may have a great many other significations and depend entirely on the manner in which it is used and by whom it is used and to whom it is used. When we state that we will do a thing as soon as possible, "possible" is not used in an absolute sense or as having an absolute meaning, but may refer to circumstances or conditions which are entirely possible, but which at the moment may prove inconvenient of accomplishment. If we owed a friend five dollars and told him we would pay him as soon as possible, it might mean that as soon as we would go to the bank and get the money we

would hand it to him; on the other hand if we owed him five thousand dollars, and promised to pay him as soon as possible, he might well expect, knowing our condition, that it would not be so simple a matter as the paying of the five dollars, and that we would have to have certain time to make arrangements to raise the money. It certainly would not mean that we were denying the indebtedness or refusing to pay. In such a case the promise to pay is not conditional (*Eaton* v. *Yarborough,* 19 *Ga.* 82), although the time of payment is deferred to some future time, and the phrase "as soon as possible," being so uncertain and indefinite as to what is meant thereby, must be construed to mean within a reasonable time, and upon the lapse of such time a right of action will lie.

While, as a general rule, what amounted to a reasonable time would be a question for determination by a jury, yet where it appears that a note of the character involved in this case was executed March 3, 1930, and suit was not filed until October 24, 1934, taken in connection with the position of the parties and the nature of the transaction, and the facts occurring since its execution, this court will hold as a matter of law that a reasonable time has elapsed. In *Cook* v. *Crocker,* 53 *Ga.* 66, which was a suit on a note, to which the defense was interposed that the plaintiff had agreed with the defendant that if he would pay a sum named, to be credited on the note, he, the defendant, could "have ample time to make payment of the balance," and it appeared that fifteen months had elapsed from the time of making this promise and the bringing of the suit, the court said: "If giving possession and an indulgence of fifteen months on the balance of $600 due on the debt was not amply complying with the agreement, . . it would be hard to conceive what would be."

It might be said that the judgment in this case can easily be affirmed on the theory that the plaintiff has shown that the defendant has been financially able, since the making of the note, to pay the same, if the phrase "as soon as possible," is construed as a valid and enforceable condition and refers to the financial ability of the promisor, and on this theory the direction of the verdict was not improper. At the time of making the note, the defendant testified, it was for a claim the plaintiff had against him for board at the rate of $35 per month. With knowledge of the amount claimed as due for board, he signed the note. He may not now say that

this amount was too large or unreasonable. Defendant admitted the drawing of salary and the making of additional sums since the signing of the note, ample to have made it possible for him to pay the same, and the court did not err in directing a verdict.

Nor did the court err in overruling the demurrer to the petition for the reason above stated, and especially where the petition alleged the occurrence of the condition claimed by the defendant. It was not necessary that the defendant be proved to be able to pay at the time of institution of suit, but proof that he became able since the execution of the note would be sufficient. See Denney *v.* Wheelwright, 60 Miss. 733.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J. concur.*