John Folkerts, Administrator, and Etta Catherina Uphoff, Administratrix of Estate of Almuth Folkerts, Deceased, Appellants, v. Anna M. Shields, Appellee.

Gen. No. 9,859.

Opinion
filed April 28, 1943. Rehearing denied June 23, 1943.

EDWARD F. RIELY, of Minonk, for appellants.

BEN C. LEIKEN, of Eureka, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

This is an appeal from an order of the circuit court sustaining motion of appellee to dismiss appellants' complaint.

The suit is predicated on the following writing:

"Dec. 23, 1935. I agree that just as soon as I am able, I will start to pay on the balance of my indebtedness to Mrs. Almuth Folkerts, which is twenty-two hundred and fifty dollars.

Anna M. Shields."

Appellee's motion was based upon the claim that the above instrument was a conditional promise to pay, upon which suit would not lie without allegation and proof of the ability of the promisor to pay the debt.

The complaint charged written demand upon appellee for payment of the debt or some portion thereof, and averred that since no definite time was fixed for payment by said instrument that the same became due and payable within a reasonable time after its execution. It is charged that a reasonable time had elapsed; that the obligation was due and payable; that demand had been made; and that appellee had refused to pay the debt or any portion thereof.

It will thus be seen the complaint did not aver the ability of appellee to pay. It was upon this ground the court granted the motion to dismiss the complaint. Appellants elected to abide the pleadings, whereupon judgment was entered for appellee.

Appellants urge that a written obligation to pay a definite sum "as soon as possible," or "as soon as

able,'' is an absolute promise to pay, and enforcible in an action at law after the lapse of a reasonable time. The instrument sued on was executed in December 1935. This suit was commenced in July 1941. The complaint charged and appellants urge that a reasonable time had elapsed between the date of the instrument and the filing of the suit.

The various jurisdictions are not in accord on this question. Many of them hold that a promise to pay ''as soon as possible,'' or when the promisor ''is able'' is an absolute, and not a conditional promise, and will be considered a promise to pay within a reasonable time. We are of the opinion this State adheres to such rule. *Quinlan v. Thompson,* 152 Ill. App. 275, 277 (with cases cited); *Pinney v. Smith,* 136 Ill. App. 129, 132 (with cases cited); *Walker v. Freeman,* 209 Ill. 17, 23.

A collection of representative cases will be found in 27 L. R. A. (N. S.), beginning on p. 300; L. R. A. 1918 A, at p. 902; 94 A. L. R. at p. 721; and Words and Phrases, under such expressions as, ''as soon as able,'' and ''as soon as possible.'' The case of *Wilcox v. Turner,* 51 Ga. App. 523, 181 S. E. 95, contains reference to various jurisdictions including Illinois, which hold that a written obligation to pay a definite sum ''as soon as possible'' is considered an absolute promise to pay, and enforcible in an action at law after the lapse of a reasonable time. This also appears to be the rule as announced in Williston on Contracts, vol. 1, sec. 38, p. 103.

The instrument itself imports a debt due from the promisor to the promisee. A presumption of intended payment arises by virtue of the instrument acknowledging the obligation. To say that it gave appellee the sole right to determine when the debt should be paid, would serve to defeat the purpose of the contract, and would enable the debtor to wholly avoid her obligation. It cannot be considered the parties intended the debtor could wait forever.

The admission of the debt is sufficient to establish a legal liability, lacking only in the element of a definite maturity date. Such expressions as "as soon as able," or "as soon as possible," are too indefinite and uncertain to constitute a fixed condition resting upon the pleasure of the debtor, and since no definite time of payment is fixed, the same will be considered a promise to pay within a reasonable time. It would be entirely inconsistent with the purpose and spirit of the engagement between the parties to suppose that tney contemplated the obligation should never be capable of enforcement. The words used negative any contention that appellee should become financially able to discharge the entire debt at one time, but disclose the intention and understanding of the parties that appellee should start paying on such indebtedness as soon as possible.

Such expressions as, "as soon as able," or "as soon as possible," imply the quality of due diligence in the prosecution of the thing undertaken without unreasonable and unnecessary delay, and thus, a promisor should not be heard to urge that such expressions will foreclose a promisee from insisting upon a reasonable application as to the element of time for such performance.

The judgment of the trial court is reversed and the cause remanded with directions to overrule appellee's motion to dismiss the complaint.

*Reversed and remanded with directions.*