|142 375|
|158 158|
|142 375|
|209 4 87|
|211 4137|

FREDERICK RAZOR

*v.*

GERTRUDE B. RAZOR.

*Filed at Springfield June 17, 1892.*

1. DEED—*reversionary clause construed.* A conveyance of land contained this provision: "It is agreed by and between the grantor and grantee, that the said Gertrude Gibbs (grantor) shall marry and shall live as the lawful wife of the said F. R., (grantor,) and when she shall cease to live as his wife the property herein described shall revert to

the grantor, or to the heirs of his body:" *Held,* that such stipulation could not bear the construction that the property should revert to the grantor upon the wife committing adultery.

2. Contract — *sufficient consideration.* After the conveyance of property by a man to his intended wife, and after their marriage, he executed to the wife an agreement, that in consideration of her signing a deed to the same property then executed he would invest the proceeds of such sale in a house in B., and have the same deeded to her: *Held,* that it was not necessary that the wife should be the owner of the property sold, absolutely, in order that her signing of the deed should constitute a sufficient consideration for the agreement to re-invest the proceeds in her name.

3. Evidence — *parol, to explain written contract.* Where an agreement in writing is expressed in short and incomplete terms, parol evidence is admissible to explain that which is *per se* unintelligible, such explanation not being inconsistent with the written terms.

4. Practice in the Supreme Court — *errors should be specifically pointed out.* A general objection to the ruling of the trial court in giving and refusing instructions, without pointing out any specific error, will not be considered on appeal or error. It is not the duty of a court of review to search out errors in the record upon which to base its judgment.

5. Same — *error will not always reverse.* In an action by a wife against her husband upon his agreement that in consideration of her uniting with him in a deed of their homestead he would invest the proceeds in other property in the city of B., and his failure to do so the court allowed the plaintiff to prove that by a verbal agreement she was to select the property in B., in which the investment was to be made, and that the other property was to be sold for cash. The defense was that the agreement was obtained by fraud, and that by reason of the subsequent conduct of the plaintiff the consideration for the same had failed: *Held,* that even if the parol evidence was incompetent it did the defendant no injury.

Appeal from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of McLean county; the Hon. Alfred Sample, Judge, presiding.

Mr. John E. Pollock, Mr. John Stapleton, and Mr. A. J. Barr, for the appellant.

Mr. Frank R. Henderson, for the appellee.

Mr. Justice Wilkin delivered the opinion of the Court:

This was an action of assumpsit, begun by attachment, in the circuit court of McLean county, by appellee, against appellant. The parties are husband and wife. It seems that prior to their marriage he had deeded to her certain residence property in Leroy, in said county, the deed containing this stipulation: "It is agreed by and between the grantor and grantee, that the said Gertrude Gibbs shall marry and shall live as the lawful wife of said Frederick Razor, and when she shall cease to live as his wife the property herein described shall revert to the grantor, or to the heirs of his body." The marriage took place in November, 1888. This suit was brought on the following instrument in writing:

"Leroy, Ill., Jan. 18, 1890.

"I, Fred Razor, of Leroy, Ill., do agree to and with my wife, Gertrude Razor, that in consideration of her signing a deed of conveyance to our home place, being lot two (2), of lot seven (7), of the subdivision of the south-east quarter of section twenty-one (21), town 22, N., R. 4, east, in Leroy, McLean county, Ill., this day executed, I do agree to invest the proceeds of said sale in a house in Bloomington, Ill., and have the same deeded to said Gertrude B. Razor, to be owned by her.

"Fred. <sup>his</sup> X <sub>mark.</sub> Razor.

"Witness: A. Rutledge."

The property described in the writing is the same deeded to the wife before the marriage. The declaration alleges the execution and delivery of said instrument to the wife, and that in consideration thereof she signed a deed conveying said property, but the defendant had refused to comply with his said agreement to re-invest the proceeds thereof for her benefit. The general issue was pleaded, with an agreement that any proper defense might be proved thereunder. A trial resulted in a verdict and judgment for the plaintiff for $2000 and costs of suit. This appeal is from a judgment of the Appel-

late Court affirming the judgment of the circuit court.    The submission here is upon the same briefs and arguments filed in the court below, which are largely devoted to a discussion of the evidence.

A general objection is made to the ruling of the circuit court in giving and refusing instructions, but no specific error in that regard is pointed out.    For that reason the Appellate Court declined to examine and pass upon the instructions, and, we think, very properly.    It is no part of the duty of courts of review to search out errors in a record upon which to base a judgment of reversal.    Our attention not being called to any erroneous instruction given or proper one refused, we will assume that none such were given or refused.

On the trial the court permitted the plaintiff, over the objection of defendant, to prove that by a verbal agreement between herself and husband she was to select the Bloomington property in which the investment should be made, and also that the Leroy property was to be sold for cash.    This ruling is assigned for error.    Even if the evidence had been incompetent it does not appear that the defendant was injured by its admission.    He does not claim that the selection of property had anything to do with his failure to make the investment, or that he was willing to make it in any property whatever. Nor does he pretend that he was willing to invest the proceeds of the conveyed property when he received the same in cash, or that he could not have invested the notes or other evidences of indebtedness actually received by him for the property conveyed.    His defense is, that the agreement was obtained from him through fraud, and that by reason of the subsequent misconduct of the plaintiff the consideration for the same had failed.    We do not, however, regard the admitted evidence as incompetent.    It is not claimed that the contract, as evidenced by the writing, is so vague and uncertain as that it could not be enforced without the aid of parol testimony, or that the evi-

dence objected to tended to contradict or vary the terms of the writing. "Where the agreement in writing is expressed in short and incomplete terms, parol evidence is admissible to explain that which is *per se* unintelligible, such explanation not being inconsistent with the written terms." 1 Greenleaf on Evidence, sec. 282; 2 Wharton on Evidence, sec. 1026.

Defendant sought to introduce evidence which he claimed would tend to prove that the plaintiff had been guilty of adultery after her marriage with him, which was, on objection by counsel for plaintiff, excluded. This ruling is also assigned as error. The contention of appellant is, that under the stipulation in the deed from himself to plaintiff below the title to the Leroy property would revert to him upon her committing adultery. That stipulation bears no such construction, but if it did, the offered evidence would have had no relevancy to the issues in this case. It was not necessary that the plaintiff should be the owner of the Leroy property, absolutely, in order that her signing a deed to it should constitute a sufficient consideration for the agreement to re-invest the proceeds in her name.

On the question of fraud the jury found against appellant. The judgment of the Appellate Court upon that and all other controverted questions of fact is conclusive against him. No errors of law appearing in the record, the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*