ELI C. FISK

v.

GEORGE G. HOPPING et al.

169     105
f92a  ⁴520

*Opinion filed November 8, 1897.*

1. EVIDENCE—*when record of deed acknowledged before a commissioner residing outside the State is competent.* The record of a deed acknowledged in 1850, before a commissioner of deeds residing outside the State, is not incompetent on the ground that the acknowledgment is not before a proper officer, as by the laws then in force such an acknowledgment was valid and binding. (Laws of 1845, p. 580; Laws of 1847, pp. 32, 37.)

2. COURTS—*courts will take judicial notice of the civil officers of the State.* Courts are presumed to know who are the civil officers of the State, and will take judicial notice that one taking an acknowledgment as a commissioner of deeds was at that time such officer.

3. EJECTMENT—*prima facie title in plaintiff is sufficient where defendant can show none whatever.* Evidence establishing a *prima facie* title in the plaintiff is sufficient to warrant a recovery in ejectment where the defendant can show no title whatever.

4. JUDGMENTS AND DECREES—*findings of court in trial without jury have same force as a verdict.* The findings of the court in a trial without a jury are entitled to the same presumptions, on appeal, as the verdict of a jury.

APPEAL from the Circuit Court of Mason county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

H. R. NORTRUP, for appellant.

WALLACE & LACEY, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

In the circuit court of Mason county George G. Hopping and Mary E. Hopping, the appellees, brought suit in ejectment against Eli C. Fisk, the appellant, for the recovery of a strip of ground eighteen feet in width by forty rods in length. Two forty-acre tracts of land lie side by side, one owned by each of the parties to this suit, and the controversy between them is as to the boundary line between the south half of the tracts. Fisk's forty

lies west of the disputed line and the land of the Hoppings east of it. The eighteen feet of ground in question are upon the land claimed by the Hoppings. In an early day, thirty or forty years ago, a hedge fence was set out on what was supposed to be the true line, but it has since been removed and a wire fence built by the appellant some distance east of it. He claims there was formerly a rail fence where he placed the wire fence, and that he and his father have had adverse possession up to it, and beyond the hedge fence, for more than twenty years. He also claims that this wire fence is but five feet east of where the old hedge stood. The contention of the appellees is that this hedge fence was a division fence and was on the true line, and was eighteen feet west of the new wire fence, and that they and their grantors have always had possession up to the old hedge, on the west. The plea was the general issue, and the finding of the circuit court was in favor of the appellees.

The plaintiffs below, to sustain their claim of title, showed by the evidence a continuous chain from the government to themselves. One link was the record of a deed from one Milton Boies to Frances Low. To its introduction objection was made, not that the record was secondary evidence and not admissible until the proper preliminary showing was made, but on the specific ground that the acknowledgment was insufficient in this: that it does not appear to have been taken before any officer qualified to take it, and that there is no signature to the same. The court admitted it in evidence, and this ruling raises the first question in the case. The acknowledgment is dated May 17, 1850, and purports to be taken before one Benjamin Pinney, a commissioner of deeds of the State of Illinois, and its venue is the county of Tolland, in the State of Connecticut. The law of 1845 provides for the appointment of such an officer, with power to take such acknowledgments. (Laws of 1845, p. 580.) The law of 1847 provides that such acknowledgments

shall be valid and binding, and have the same force and effect as if taken before an officer residing in this State. (Laws of 1847, pp. 32, 37.) There is no provision in the law for any particular form of acknowledgment, and no complaint is made of this acknowledgment as to its form. A commissioner of deeds was authorized by law to take the acknowledgment, and the courts are presumed to know the civil officers of the State, and will take judicial notice of the fact that Benjamin Pinney was at that time such commissioner of deeds.

The law then in force did not require such an officer to have an official seal, and therefore the acknowledgment was good without it. (*Irving* v. *Brownell*, 11 Ill. 402.) It follows that it is immaterial whether the seal appearing in the record was the official seal of the officer or not.

The objection that the acknowledgment is not signed is not well taken. The closing words are: "Before me, Benjamin Pinney, commissioner of deeds for the State of Illinois." It is just as reasonable to say this was a signature as to say it was a mere recital. The presumption of law is in favor of the regularity of official action.

Again, the point is made that the act of June 17, 1895, (1 Starr & Curtis' Stat. p. 977,) requires a certificate from the Secretary of State showing that Benjamin Pinney, at the time of the taking of this acknowledgment, was a commissioner of deeds for this State, and that the record of the deed, unaccompanied by such a certificate, could not be used in evidence. We do not think the legislature intended by this act to prescribe a new rule of evidence as to the admissibility of deeds in all cases where the acknowledgment has been taken before a commissioner of deeds. The first section of the act is directed to the curing of defective acknowledgments taken before commissioners of deeds in cases where the instrument has been or may be recorded without certain certificates being affixed thereto which were required by the act of February 17, 1851. (Laws of 1851, p. 142.) The second

section provides for the obtaining of a certificate from the Secretary of State, which, in connection with the record or with the instrument itself, will make it competent evidence, notwithstanding the defects. The acknowledgment of the deed in question was not one which needed the curative legislation of the first section to make it valid, therefore a compliance with the second section was not necessary in order to make it admissible. But even if the Low deed should be held insufficient, the evidence still shows a *prima facie* title in plaintiff, and this raises a presumption of ownership, which is all that is required against a defendant who can show no title whatever. *Keith* v. *Keith*, 104 Ill. 397.

Since our holding is that the acknowledgment is sufficient, it is unnecessary to discuss the law with reference to the admission of the instrument as an ancient deed.

The appellant also set up as a defense an agreement as to the boundary line, and twenty years' adverse possession under a claim of ownership. There is no doubt that the old hedge fence was intended as a division fence; but it has been now removed, and the testimony as to its exact location is conflicting. The findings of the court as to the facts in a case, where it is tried without a jury, are entitled to the same presumptions as the verdict of the jury. Having examined the evidence in this record, we are satisfied the evidence shows that the old hedge was on the true boundary line, and that the wire fence built by the appellant in 1891 was eighteen feet east thereof; also, that the evidence shows there was no adverse possession of this strip by the appellant and his father sufficient to give them title thereto, but rather that the appellees and their grantors have been in possession of the same for over forty years.

The findings of the trial court as to the facts, and its rulings upon the law, were correct, and its judgment will be affirmed.

*Judgment affirmed.*