THE SIBLEY WAREHOUSE AND STORAGE COMPANY

*v.*

THE DURAND & KASPER COMPANY.

*Opinion filed December 16, 1902.*

1. EVIDENCE—*when receipts signed by teamsters are not admissible.* Receipts signed by teamsters, stating they had received property *in good condition* from a warehouse, are not admissible in an action against the warehouseman for damage to the property while in storage, where the plaintiff has already admitted receipt of the property and there is no evidence that the teamsters had authority to bind the plaintiff by the statement as to its condition.

2. INSTRUCTIONS—*when erroneous instruction is not harmful.* The giving of an instruction for the plaintiff upon the measure of damages is not harmful to the defendant, even if erroneous, where the instruction given for the defendant upon the same subject states the opposite view, and it appears the damages would be less under plaintiff's instruction than under that of the defendant.

3. SAME—*party cannot complain of proposition stated in his own instruction.* If the defendant's instructions authorize the recovery of interest by the plaintiff, he cannot complain that it was error to give instructions for the plaintiff to the same effect.

4. BAILMENTS—*warehouseman need not be instructed as to the care of flour.* A public warehouseman must be presumed to know that flour should not be stored where it will be permeated with odors of chemicals or with noxious smells and gases, and failure of the owner to notify him of the sensitive quality of the flour will not relieve him from liability.

*Sibley Warehouse Co.* v. *Durand & K. Co.* 102 Ill. App. 406, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. A. K. VICKERS, Judge, presiding.

LEROY D. THOMAN, for appellant.

SMITH, HELMER, MOULTON & PRICE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant is a corporation conducting a public warehouse in the city of Chicago and storing goods for hire. In the month of June, 1899, it stored in its warehouse several car-loads of flour for appellee. Some of the flour was removed from the warehouse the last of October, 1899, and was found to have a pungent odor and a burning taste. A test of it was made in appellee's bakery and it was found unfit for use. An inspection of the flour disclosed the fact that it was all in the same condition, and the remainder was removed from the warehouse about the middle of February, 1900, and the flour was sold. Appellee brought this suit in assumpsit against appellant in the circuit court of Cook county on the storage contract, for damages on account of the condition of the flour, alleged to have been caused by the negligence of appellant, and upon the trial there was a verdict in favor of plaintiff for $2135.47. Judgment was entered upon the verdict, and the Appellate Court for the First District affirmed the judgment.

On the trial the defendant proved the delivery of the flour to teamsters upon orders signed by plaintiff, on the back of which were stamped receipts, as follows: "Received in good condition the articles named in this order." These receipts were signed by the teamsters, and defendant offered them in evidence to prove receipt of the flour by plaintiff and its condition when delivered. Plaintiff had already proved receipt of the flour, and admitted

that fact. The receipts were not signed in the name of the plaintiff, but bore only the signatures of the teamsters. Defendant offered to prove that the persons who signed the receipts were teamsters for plaintiff, but offered no evidence of any authority to bind plaintiff in respect to the condition of the flour. The court sustained the plaintiff's objection to the receipts and refused to admit them in evidence, and this is the first ruling complained of. The delivery of the flour to plaintiff was admitted, and the court was right in rejecting the receipts as evidence of its condition. It is clearly not within the ordinary scope of the authority of a teamster sent after goods to make an admission of that kind, and there was no evidence of actual authority to do so. If the receipts had been admitted they would have been of no benefit to the defendant, since it is conceded that they would be subject to explanation and contradiction, and the evidence was conclusive that the flour was not in good condition. If the receipts had been before the jury they could not, from the evidence, have found differently.

The court gave an instruction, at the instance of the plaintiff, that the measure of damages was the difference between the market value of the flour in its damaged condition at the time when the damage was discovered by plaintiff, and the market value of the flour at the same time if no such damage had occurred. The condition of the flour was discovered in October, 1899, and the most of it was not removed from the warehouse until about the middle of February, 1900. It is insisted that the instruction was wrong in fixing the time for determining the damages, and that they were to be measured, not at the time when the parties knew of the injury, but on the day of delivery of the flour. A certified copy of the brief of appellant in the Appellate Court has been filed by leave of the court, from which it appears that this point was not made in the Appellate Court or considered by that court. We review decisions of the Appellate Court,

and the point cannot be raised here for the first time; but if it could, we are of the opinion that the instruction was not harmful to the defendant. The instructions on that subject were not harmonious, but conflicting. In instructions given at the request of defendant the time when the damage was to be determined was given as the time when the flour was taken from the warehouse, and the jury were left to take their choice between the conflicting instructions. It is impossible to tell which instruction the jury followed. If they adopted the rule now contended for, there would, of course, be no cause for complaint, and if they followed the rule given in the instruction complained of, the damage would be less under the evidence. The uncontradicted evidence was that flour remaining in good condition became much more valuable with age, and even if interest were computed the damage would be less, estimated in October, than in the succeeding February.

In the same instruction, given at the instance of the plaintiff on the measure of damages, the court authorized the recovery of interest at the rate of five per cent per annum from the time of the trial. It is insisted that the instruction was also wrong in authorizing the recovery of interest, the damages being unliquidated. It appears, however, in the instruction prepared by defendant and given at its request, the court also authorized the recovery of interest on the difference between the value of the goods when delivered in their damaged condition and the value if the damage had not occurred. If one instruction was objectionable in allowing the jury to include the interest, the other was equally objectionable, and a party cannot assign for error the giving of an instruction of the same character as one given at his own request. Defendant admitted that interest could be recovered by obtaining an instruction to that effect, and cannot now complain of another instruction to the same effect. *Sheridan* v. *City of Chicago*, 175 Ill. 421.

It is complained that the court refused an instruction that a warehouseman is bound to use ordinary care, only. The court gave several instructions at the request of the defendant, stating that rule. The first instruction so given informed the jury that to sustain its case the plaintiff must prove that the flour was damaged through the failure of defendant to exercise ordinary diligence in its care. By the second instruction ordinary care was defined, and the jury were instructed to find for the defendant if it had used that degree of diligence in the care of the flour. The fourth instruction was to the same, effect, and it was not necessary to again state that principle to the jury. The refused instruction contained further and objectionable directions to the jury. It instructed the jury to find a verdict for the defendant if they believed, from the evidence, that flour was peculiarly sensitive and liable to damage of an unusual kind, such as an ordinary man would not know of, and plaintiff failed to notify defendant of such quality of the flour, and defendant used ordinary care with respect to it. There was no evidence that the nature, quality or characteristics of flour is a matter of expert knowledge. Flour is an article in common and daily use in every household, and one conducting a public warehouse must be presumed to know its ordinary nature and qualities. Any one possessed of the ordinary knowledge requisite to conduct a warehouse would necessarily know that an article of that kind intended for food should not be stored where it would be permeated with the peculiar and pungent odors of chemicals or with noxious smells and gases, which would naturally render it unfit for use.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*