The Jacksonville and St. Louis Railway Company·
*v.*
W. H. Wilhite.

*Opinion filed April 20, 1904.*

1. Instructions—*instructions should not be argumentative.* Instructions are properly refused which do not state propositions of law but are in the nature of arguments.

2. Same—*repetitions of instructions need not be given.* It is sufficient if the jury has been instructed once upon any proposition involved in the case, and mere repetitions are properly refused.

3. Same—*general objection to instruction waives the error.* One complaining of an instruction should point out to the court of review wherein it is erroneous or he will be deemed to have waived error.

4. Same—*party cannot object to proposition embodied in his own instruction.* One cannot assign error on his opponent's instruction where one of his own embodies the same proposition complained of.

Appeal from the County Court of Macoupin county; the Hon. J. B. Vaughn, Judge, presiding.

Mastin & Moss, and Keefe & Peebles, for appellant.

Knotts & Terry, for appellee.

Mr. Justice Wilkin delivered the opinion of the court:

On October 26, 1903, the appellant railway company filed its petition to condemn a strip of land belonging to W. H. Wilhite, the appellee, for the purpose of constructing a switch to connect its main line with a switch or spur leading to the plant of the Royal Colliery Company, near the city of Virden, in Macoupin county. Upon a

hearing before a jury, judgment was entered in favor of appellee for $730, and from this judgment an appeal has been prayed to this court.

Appellee's land, consisting of 28 acres, is in the extreme north-east corner of the section, and its length east and west is about four times its width north and south.   It is immediately west of the corporate limits of the city of Virden.   The main line of appellant's track crosses the 28 acres from its north-west corner in a southeasterly direction, and the portion in controversy is that part of the tract which lies south and west of the track, being triangular in shape and containing 8.05 acres.   The right of way for the switch sought to be condemned is about five hundred and twenty feet long and sixty feet wide, and crosses this 8.05 acres, extending in a semicircle from the main track in a north-westerly, westerly and south-westerly direction to the Royal Colliery Company switch.   The part of the triangle actually taken by the proposed switch is .65 of an acre.   The portion left north of the switch is 1.3 acres and the portion south 6.1 acres.   The question upon the trial was as to the value of the .65 of an acre actually taken and the damage to that part of the 8.05 not taken.

The evidence upon the trial was conflicting, but no point is made here as to the competency of any of it nor as to the weight to be given to it.   Neither is the right of the petitioner to condemn the land questioned.   The only insistence is, that the issue was a very narrow and simple one and the testimony conflicting, rendering it especially important to appellant that the jury should have been fully and correctly instructed as to the law, which, it is claimed, was not done.

Complaint is first made of the refusal of two instructions offered by appellant.   They are as follows:

1. "You are instructed in this case that it is the law that you shall not assess the damages to Mr. Wilhite in this proceeding for land actually taken or damages to

land not taken on the basis of what the owner would take for it or for any part of it, or for what sum he would be willing to let the railroad go across his lands, or for what sum you would be willing to let the railroad go across your lands if you owned them; that these matters are improper to be taken into consideration by the jury either in fixing the value of the land actually taken or in assessing the damages to the land not taken. You must at all times keep in your minds that the actual fair cash market value of the land that is taken for the Y in this case, and the decrease (if any is shown by the evidence) in the fair cash market value of the land not taken, by reason of the construction of the switch or Y in question, are the only proper elements of damage in this case and compensation that you are to consider.

2. "You are further instructed that it is your duty in this case to try the case fairly and impartially, and to return your verdict after a fair and candid consideration of all the evidence, without regard to any sympathy that you may have for the defendant land owner in this case; and even though the manner in which the Y in question may cut through the lands of Mr. Wilhite may excite your sympathy, you must see to it that your sympathy does not in any way enter into or control your verdict in this case as against the evidence introduced upon the trial."

These instructions are both open to the objection that they do not state propositions of law, but are in the nature of arguments. It is claimed by appellant that the first was approved by this court in the case of *Kiernan* v. *Chicago, Santa Fe and California Railway Co.* 123 Ill. 188. This is a misapprehension. The instruction there considered and approved is wholly unlike the one here refused. Nor is the contention that the second announces a correct rule of law tenable. However, on behalf of appellant ten instructions were given by the court, and they fully covered all the principles of law applicable to the case. Several of these told the jury what elements

they should take into consideration in estimating the damages to and value of the land. While it is true that no instruction given contained some of the elements of those refused, yet they did direct the jury that they must be governed by the law and the evidence in the case. We have carefully examined the evidence and also all·of the instructions given by the court, and entertain no doubt that the jury were fully and correctly instructed on behalf of the petitioner, and that there was no error in the refusal of either of those refused. We have frequently held that it is sufficient if the jury has once been instructed upon any proposition involved in a· case. *Chicago City Railway Co.* v. *Fennimore,* 199 Ill. 9; *Henry* v. *People,* 198 id. 162; *North Chicago Street Railroad Co.* v. *Williams,* 140 id. 275.

Complaint is also made of the first and last instructions given by the court on behalf of appellee. The only objection is, that these instructions are erroneous and were prejudicial to the rights of appellant, pointing out no specific objection to either of them. We have held in many cases that it is the duty of the party complaining of an instruction to point out wherein it is erroneous, and it is no part of our duty to search for errors on which to base a judgment of reversal. When the objection is in general terms, the appellant will be deemed to have waived the error. (*Razor* v. *Razor,* 142 Ill. 375.) It may, however, be suggested that appellant cannot be heard to complain of appellee's first instruction, for the reason that its last given instruction covers the same ground and is to the same effect, and the rule is, that a party cannot assign for error the giving of an instruction of the same character as one given at his request. *Sibley Warehouse Co.* v. *Durand & Kasper Co.* 200 Ill. 354, and cases cited on page 357.

We find no reversible error in this record, and the judgment of the county court is affirmed.

*Judgment affirmed.*