## Pennsylvania Company v. Esther Rossett.

### Gen. No. 11,518.

1. FINDING OF COURT—*when, not disturbed.* The finding of the court as to the facts in a case, when it is tried without a jury, is entitled to the same presumptions as the verdict of a jury, and such finding will not be set aside unless clearly against the weight of the evidence.

2. FINDING OF COURT—*when, not disturbed.* If the finding of the court is correct in the main, it will not be disturbed merely because the conclusion was reached by an incorrect process of reasoning.

3. OWNERSHIP AND CONTROL—*what competent as tending to prove.* While mere ownership of stock in one railroad by another road does not impose liability upon such latter road for negligence in operation by the former, yet evidence of such fact is competent in connection with other facts and circumstances to be considered in passing on the question of whether such latter road owned and controlled the former.

4. PROPOSITIONS OF LAW—*when error in passing on, deemed waived.* Where a mere general objection to the action of the court in refusing

propositions of law is made, error, if any, is deemed to have been waived.

Action on the case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed October 10, 1904. Rehearing denied October 24, 1904.

GEORGE WILLARD, for appellant.

MOSES, ROSENTHAL & KENNEDY, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee sued appellant in case for injuries which she claims were occasioned by appellant's negligence in the operation of its railway cars. The cause was tried by the court, without a jury, by agreement of the parties, and the court found the appellant guilty, assessed appellee's damages at the sum of $800, and rendered judgment accordingly. The only contention of appellant, on the trial, is stated by its counsel, in argument, to have been "that it did not own or operate the railroad tracks or cars or railway gates in question, or employ the persons who were handling, running or managing the same at the time."

The accident occurred at the intersection of the right of way of the Pittsburg, Cincinnati, Chicago & St. Louis Railway Co., commonly known as the Pan Handle, with Robey street, in Chicago, and the sole question on this appeal is, whether appellant so managed and controlled said railway as to be liable for injuries occasioned by negligence in its operation. The accident happened in November, 1901. The contention of counsel for appellant is, that appellant had not, at the time of the accident, the control and management of the railway in question. Whether it did or not is a question of fact to be determined from the evidence. The court found the contrary of counsel's contention, and therefore the precise question to be determined here is, whether this finding of the court is manifestly against the evidence as, if not, we cannot set it aside. Davies v. Phillips, 27 Ill. App. 387. "The findings of the court as to the facts in a case, when it is tried without a jury, are

entitled to the same presumptions as the verdict of a jury," (Fisk v. Hopping, 169 Ill. 105, 108), and the rule is familiar, that the verdict of a jury will not be set aside on review, as being contrary to the evidence, unless clearly against the weight of the evidence.

Appellee put in evidence the following: A book of appellant marked "Manual of Statistics," in which, under the heading "Pennsylvania Company," is the following: "This company was chartered by the State of Pennsylvania April 7, 1870, for the purpose of managing in the interest of the Pennsylvania Railroad Company the lines leased and controlled by it west of Pittsburg, viz.: Operated directly by the Pennsylvania Company." Here follow the names of fourteen railway companies having a total of 1,116.53 miles of railway, after which names follow the words, "Operated by the Pittsburg, Cincinnati, Chicago & St. Louis Railway Company," and the names of six other railways. The whole document manifestly means that all the railways mentioned are controlled and managed by the Pennsylvania Company, certain of them directly and others indirectly. A printed pamphlet was also put in evidence by appellee, entitled "Pennsylvania Company. Thirtieth Annual Report for the year ending December 31, 1902," the report being from appellant to its stockholders and signed by its president. In a pamphlet is a map entitled "Lines of the Pennsylvania Company, December 31, 1900," and under this title are the names of numerous railway companies, the eighteenth being "Pittsburg, Cincinnati, Chicago & St. Louis Ry." Opposite the last name is a dash in black, indicating how the last named railway is marked in the map, and it is marked on the map by a black line and the abbreviations, "Pitts., Cin., Chi., St. L. Ry." Turning to page 42 of the pamphlet, we find that the report states the tonnage of the lines operated directly by the appellant to be 49,331,983, of the lines operated "directly" by the P., C., C. & St. L. Ry. Co., 27,073,702, and of the lines operated through their own organizations, 14,007,988, and then proceeds thus: "The aggregate tonnage moved,

therefore, upon *your* entire system, during the year, was 90,413,673 tons," which is the total of the three sums which precede it, and includes the tonnage of the Pan Handle road. On page 47 of the report we find this: " For convenient reference, however, a table is attached to this report, giving the financial result of each line in the entire system, both to its own stockholders and the proprietary company." The table referred to includes the P., C., C. & St. L. Ry. On page 43 of the report this occurs: " The Board authorized amendments to the voluntary relief department and the pension plan, providing for a reciprocal arrangement, under which an officer or employe of any of the lines east or west of Pittsburg may be transferred from one line to any other, his term of service to be considered continuous and his membership to be retained in the voluntary relief department." Comparing the reports of appellant and that of the P., C., C. & St. L. Co. to their stockholders for the year ending December 31, 1901, it appears that the officers of the two companies were the same persons, and that the directors of appellant, thirteen in number, were, with three exceptions, directors of the P., C., C. &, St. L. Co., the directors of the latter company being also thirteen in number.

Benjamin McKeon, superintendent of the Chicago terminal division, Pennsylvania line, testified that he received his orders immediately from two general superintendents, one of the P., C., C. & St. L. road, and the other of the Pittsburg, Ft. Wayne & Chicago Railroad, but that there was a general manager above both superintendents, who controlled them and who resided in Pittsburg. The latter railroad is operated directly by appellant. It further appears from the evidence that tickets issued by the Pittsburg, Ft. Wayne & Chicago Co. from Chicago to Pittsburg and *vice versa*, are good over the P., C., C. & St. L. road. Mr. George Willard, who has been appellant's attorney for many years, testified that appellant's stockholders owned the P., C., C. & St. L. road, and quoting certain remarks of the learned trial judge, on the trial, he contends that the

finding of the court was based on the ownership of the stock, and argues correctly that such ownership alone would not render appellant liable for negligent operation of the road. While we cannot concede that the finding of the court was based on the ground stated, it would be immaterial if such were the case, provided the evidence sustains the finding. "The process of reasoning by which the trial court may have reached its conclusion is a matter of no consequence." Potter v. Gronbeck, 117 Ill. 404, 409; Estate of Grossman, 175 Ill. 425, 431. While the mere ownership of the stock of the other road by appellant's stockholders would not impose liability on it, for negligence in the operation of the road, it is a circumstance proper to be considered in connection with other facts in evidence, in passing on the question whether it controlled and managed the P., C., C. & St. L. road. Jones v. Penn. Co., 19 Dist. Columbia R. 178, 192. Having considered all the evidence, our conclusion is that the finding of the trial court is not manifestly against the evidence, but is sustained by the greater weight of the evidence.

Appellant's counsel objects to the refusal by the court of propositions 1 to 9, both inclusive, tendered to the court by said counsel, to be held as law in the case. Proposition 1 merely asks the court to hold that appellant was not liable and was properly refused. It is not pointed out by appellant's counsel why the other propositions, or any of them, should have been accepted by the court. A mere general objection is made thus: "And also erred in refusing each of the propositions of law marked 2 to 9, both inclusive." "When the objection is in general terms, the appellant will be deemed to have waived the error," if any. J. & St. L. Ry. v. Wilhite, 209 Ill. 84, 87.

The judgment will be affirmed.

*Affirmed.*