### Village of Lerna, et al., v. Ralph E. Wood.

1. NEWLY DISCOVERED EVIDENCE—*when ground for new trial.* Newly discovered evidence is ground for a new trial where such evidence is directly in conflict with that of the plaintiff, who was successful, and, if true, would have tended to show that he was not in the exercise of due care for his own safety at the time of the injury complained of, and is of so material and conclusive a character that it would probably lead to a different result upon a new trial.

Action on the case for personal injuries. Appeal from the Circuit Court of Coles County; the Hon. JAMES W. CRAIG, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed October 9, 1905.

ANDREWS & VAUSE, for appellants.

BRYAN H. TIVNEN, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action on the case by appellee, who sues by his next friend, against appellants, to recover damages for injuries received by him by reason of the alleged negligence of appellants. A trial by jury resulted in a verdict and judgment against appellants for $500, to reverse which they jointly appeal.

The material facts in the case are substantially as follows:

At the time appellee was injured and for a number of years prior thereto, there was located on the side of a street in the village of Lerna, a public well from which

water was pumped into a cistern near by, by a windmill on a steel tower. As an inducement to the appellant creamery company to locate its business in the village, the local authorities passed an ordinance granting to the creamery company the use of the windmill, or any other power the village might see fit to use for hoisting water for public use, and to pump water to said creamery. The windmill proved inadequate, at certain seasons of the year, to pump the necessary amount of water required by the company and the village, and a gasoline engine was installed for pumping water at such times as the windmill failed. There is no evidence in the record as to who owned or installed the gasoline engine. The gasoline engine consisted of two large wheels on each end of a shaft in the middle of which was a crank connected by a driving rod with the cylinder of the engine. On the end of the crank shaft and outside of the fly-wheel was a small pinion or cog-wheel which meshed in the cogs of a large wheel on the end of another shaft which was connected by a rod with the sweep to which the pump was attached. There was a platform over the well about four feet square and six inches high and on one end of this platform rested the end of a box which supported the frame of the engine and raised the point where the cog-wheels meshed about three feet above the platform of the well. The question whether or not appellee was in the exercise of ordinary care for his own safety was a vital one, and if answered in the negative by the jury, was controlling. The evidence relative thereto was conflicting. Appellee, who was about eleven years of age, testified that while he was walking on the wheel platform near the engine, his foot slipped upon some grease and stuff; that he threw up his hand and it was caught in the cog-wheels of the machinery, as a result of which two of his fingers were mashed. He admitted that he knew that if he got his fingers inside the cog-wheels, it would mash them, and that the witness Kirkling told him that he had better stay away from the engine or he would get hurt. He denied, however, that any one else warned him. There was no witness called who claimed to have seen appellee at

the precise moment when he was injured. A number of witnesses called by appellants, testified that immediately before appellee was injured, they saw him placing his fingers against the end of the fly-wheel shaft and following the circular motion of the wheel with his finger. That immediately prior to the time he was injured one Ferris, who was in charge of the engine, ordered him to stay away from it; and that several witnesses seeing him with his finger up against the wheels as above described, warned him to get away, that he might get hurt, but that he failed to heed such warning.

Upon the motion for a new trial the following affidavits were filed in support thereof: that of George W. Funkhouser, who swore that he was one of the parties who assisted appellee to the office of a physician immediately after he was injured; that on the way he asked appellee how he got his fingers hurt, to which appellee replied that he had his index finger on the end of the shaft upon which the little cog-wheel was fastened; that he was following the motion of the wheel with that finger, when it slipped off and his second and third fingers were caught in the cog-wheel. There was also filed the affidavit of Harry Greeson, who testified that about a week after the accident he met appellee and asked him how he got his fingers hurt; that appellee replied that he put his fingers up to the wheels to see if there were any cogs on them, and that the wheels pulled them in. Also that of Eithel Horton who swore that three or four days after the accident appellee told affiant that he put his hand up to the engine and aimed to take it down, but failed to do so in time and got it caught.

The affidavit of one of appellants' counsel was filed showing that the foregoing testimony had been discovered since the trial and that neither appellants nor their attorneys had been guilty of any negligence or of laches in the procuring of testimony.

The testimony referred to, which is directly in conflict with that of appellee, and if true, tended to show that when injured he was not in the exercise of such care as a

boy of his age, capacity, experience and intelligence would have exercised under like circumstances, is so material and conclusive that it may probably lead to a different result on another trial. J. & St. L. Ry. Co. v. Wilhite, 209 Ill. 84.

We think the trial court erred in refusing appellants' motion for a new trial on account of the newly discovered evidence referred to, and for that reason the judgment must be reversed and the cause remanded.

It is urged by appellants that the court made improper remarks during the trial in the presence of the jury, which were prejudicial to them. A portion of the statements of the court complained of, were improper, and possibly prejudicial. We apprehend that the question will not again arise on the second trial, and therefore dismiss the same without further comment or discussion.

*Reversed and remanded.*