## Carl B. Pinney v. Jay A. Smith.

### Gen. No. 13,457.

1. FINDING OF COURT—*when not disturbed as against the evidence.* The findings of the court as to the facts in a cause where it is tried without a jury are entitled to the same presumptions as the verdict of a jury, and such findings will not be set aside on the ground that they are contrary to the weight of the evidence unless manifestly so.

2. ASSUMPSIT—*what form of promise will support.* A promise to pay in words as follows: "I will pay you as soon as possible," is sufficient to sustain assumpsit without proof that it was possible for the defendant to pay.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. O. M. TORRISON, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed October 3, 1907.

DANDRIDGE & PUGH, for plaintiff in error.

ZEISLER, FRIEDMAN & MERGENTHEIM, for defendant in error.

MR. JUSTICE ADAMS delivered the opinion of the court.

J. A. Smith, plaintiff below, recovered a judgment against Carl B. Pinney, defendant below, for the sum of $375 and costs, to reverse which this writ of error was sued out. The

plaintiff's bill of particulars is, in substance, that he and the defendant were partners in the photographers' supply business from December 1, 1905, until July 25, 1906, and that, at the latter date, plaintiff withdrew from the partnership and sold his interest as partner to the defendant for $400, which sum the defendant agreed and promised to pay, but has thus far failed so to do, and plaintiff claims $400, with interest from July 25, 1905.

·Smith, the plaintiff, testified that the partnership of the parties was entered into December 1, 1905, by oral agreement, when plaintiff paid to Pinney $400, and that, in July, 1906, defendant said to him, Smith, that he could not continue the arrangement longer, that it was not paying; that it would not pay for both of them to continue and that he, Smith, had better get out and get some other work, and that he, Pinney, would pay to plaintiff $400, the sum he had paid in, to get out, and that he could repay it by September, and that Pinney paid to him $5 or $10 before September. Plaintiff further testified that defendant said he was sorry, but that he could not continue the partnership according to agreement, that the business would not stand it, and plaintiff said he was sorry and asked defendant what he expected to do about it, and "he said he would pay me back the $400, but not right now. He said he would try to pay it in September. He said 'I will pay you as soon as possible.' "

Plaintiff testified that the dissolution occurred July 28, 1906. The defendant, Pinney, testified: "Nothing was said about my paying Smith any money. He asked me to help him out until he got a job. Nothing was said about giving him any specific amount. I mentioned that I had put in $1,200 more than he had. This conversation was in the stockroom about the 28th of July. It was a general conversation. I never promised to repay him $400 or any amount."

Defendant, after testifying to the dissolution, testified: "I paid Smith small sums because he came and asked, saying he was hard up. I paid $15 or $20 or $25."

The plaintiff and defendant were the only witnesses as to whether the defendant did or did not promise to pay plaintiff $400. Miss Walker, employed by defendant as a stenographer, before and during the time of the partnership, testified that she heard a conversation between the partners in the office July 24th or 25th, and heard defendant say something had to be done, that the business was not paying, and also heard Smith say that something had to be done; that the rest of the conversation was low and she did not hear it; that, a day or two later, there was another conversation between the parties, which was partly in the office, in which defendant said he had put in $1,200, and plaintiff said he could not put in any more, and that he would go out and hunt for a job; also, that she heard Pinney say he was sorry he could not pay back the $400, and heard plaintiff say, "Purely business transaction," and then they went into the stockroom and talked.

Counsel for defendant contend that the finding is against the preponderance of the evidence. The cause was tried by the court, without a jury, and "the findings of the court as to the facts in a case, where it is tried without a jury, are entitled to the same presumptions as the verdict of the jury." Fisk v. Hopping, 169 Ill., 105, 108. The verdict of a jury will not be set aside on the ground that it is contrary to the weight of the evidence, unless it is manifestly so. We do not think the court's finding manifestly against the weight of the evidence. The court saw plaintiff and defendant on the witness stand and heard them testify, and therefore had a much better opportunity than we have of determining which was the more credible. The parties had been in partnership only about nine months when the defendant insisted on plaintiff, who had paid $400 on becoming a partner, retiring from the partnership. Defendant's own witness says she heard him say that he was sorry he could not pay back the $400, indicating that he thought he ought to return it. This was before the parties went into the stockroom, where defendant testified the final conversation about dissolution occurred, and defendant testified

that, subsequently, he paid to plaintiff $15 or $20 or $25. We concur in the finding of the court except in a minor particular, of which defendant cannot complain. We cannot perceive from the evidence why the court credited defendant with as much as $25..

Counsel for defendant contend that part of the language proved, viz.: "I will pay you as soon as possible," is too indefinite to support an action, in the absence of proof by plaintiff that it was possible for defendant to pay. We cannot concur in this view. Horner v. Starkey, 27 Ill., 13, and Walker v. Freeman, 209 *ib.*, 17, 22, are to the contrary. Besides, the language quoted is not all the plaintiff testified to. He testified, "He promised me that he would pay me $400, the amount I had put in, to get out, and that he could repay me in September."

Lastly, it is contended that the court erred in admitting improper evidence. We find no reversible error in this respect.

The judgment will be affirmed.

*Affirmed.*