## Henry Buchholz, Appellee, v. Paul Feustel, Appellant.
### Gen. No. 5,727.

1. STATUTE OF FRAUDS—*promise to pay judgment rendered against security on a note.* Where plaintiff is required to pay a judgment rendered against him on a note which he signed as security for defendant, the promise of defendant to reimburse him need not be in writing.

2. BANKRUPTCY—*discharge as a defense.* Defendant's discharge in bankruptcy, after signing a note, does not constitute a defense to an action by plaintiff who signed the note as security and was required to pay.

3. CONTRACTS—*conditional promises.* A promise to pay "when I get the big church built" is not conditional but only fixes the time of payment.

4. INSTRUCTIONS—*when not supported by evidence.* An instruction as to the effect of a conditional promise is properly refused where there is no proof of such a promise.

Appeal from the Circuit Court of Kane county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1912. Affirmed. Opinion filed March 12, 1913.

SHOPEN & PAULSON, for appellant.

P. C. TYRRELL, for appellee; FISCHER & FISCHER, of counsel.

MR. JUSTICE WHITNEY delivered the opinion of the court.

Appellee was security for appellant on a note and was sued and judgment rendered against him, and he paid the judgment. Appellant was discharged in bankruptcy in 1896, after the signing of said note. In 1908, appellee sued appellant to recover the amount he paid on the judgment and filed a declaration in which he set up the facts in regard to the judgment and the note on which judgment was recovered and the payment of the judgment, together with the common counts. Appellant pleaded the general issue and his discharge in

bankruptcy. To the latter plea appellee replied that his cause of action arose after the discharge in bankruptcy. Upon a jury trial appellee had a judgment for $700, from which the defendant below appeals.

The only question of fact disputed is whether there was any promise of appellant to pay appellee, and next whether that promise was conditional or not. This promise, if any promise was made, was a promise not to pay a note, but rather a promise to pay appellee the amount he was required to pay on a judgment rendered against him and appellant on a note they had both signed, therefore the point made that the promise must be in writing to be good, is not well taken.

Appellee and one witness testified to the conversation out of which the promise is alleged to have arisen, and they state it somewhat differently on direct and cross-examination but it is clear that appellant made a positive promise to pay appellee according to the evidence of appellee and his witness. Appellee and his witness stated that appellant promised to pay appellee, and again they stated that appellant promised to pay appellee when he got a certain church done, and again they stated that he promised to pay when he was able, coupled with the statement that he was making money fast.

The discharge in bankruptcy pleaded did not annul the original liability of the debtor, but only suspended the right of action therefor. Mallin v. Wenham, 209 Ill. 252.

The promises testified to by appellee and his witness were not conditional promises. If appellant had said, "If I get the contract to build the big church, I will pay you," that would be a conditional promise, and it would be essential to prove that he did get the contract to build the big church, but when he says, "I will pay you when I get the big church built," that only fixes the time when he will pay it.

Under the authority of Walker v. Freeman, 209 Ill. 17, and the cases therein cited, and Pinney v. Smith,

136 Ill. App. 129, the promise testified to by appellee and his witness was not a conditional promise, but an absolute one, and made appellant liable.

One of the promises was to pay as soon as he was able, and it was proved appellant said he was making money fast, which was evidence tending to show ability.

Appellant contends it was error to refuse his instruction to the effect that if the jury believed a conditional promise had been made, then there could be no recovery unless the condition was shown to have been fulfilled or removed. As there is no proof of a conditional promise in the record, the instruction was properly refused.

Appellant contends that the court should have given an instruction apprising the jury of the legal effect of the promise proved. If he desired such an instruction, he should have prepared and offered it.

As the case was tried, it was a question of fact whether or not a promise had been made. Appellee had two witnesses to one for appellant, and the jury believed the two, and the trial judge approved it. We are of the opinion the verdict and judgment were just.

Judgment affirmed.

*Affirmed.*