## Angelo Pauloni, Appellee, v. Shoal Creek Coal Company, Appellant.

1. Mines—*where company man is injured.* Where plaintiff, employed as a company man, is injured in defendant's mine, he cannot recover under counts of a declaration alleging that he was permitted to enter the mine before all dangerous places were made safe, since the law does not require that all dangerous places shall be made safe before a company man engaged for that purpose shall be permitted to enter under the direction of the mine manager.

2. Evidence—*as to admissions of employe of corporation.* In a personal injury action, where plaintiff, a company man, is injured by an explosion in a mine, and it is alleged that an employe who opened a door leading to a room where gas had accumulated was granted permission to do so by a sub-boss, testimony of a witness that the mine manager told him after the accident that the sub-boss had authority to give directions to the miners is improperly admitted, though the mine manager was an employe and agent of defendant and his statements or admissions of this character are not binding on defendant.

3. MINES—*marks showing dangerous condition in mine.* In a personal injury action, where plaintiff, a company man employed by defendant, is injured in a mine explosion, and evidence shows that the portion of the mine wherein the accident occurred had been abandoned for several days, that a conspicuous sign was placed at the entrance to that portion showing its condition, and that the sign remained at the place; an instruction, that under these conditions it is not necessary that the mine examiner should examine that portion of the mine every day, is improperly refused.

Appeal from the Circuit Court of Montgomery county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the April term, 1912. Reversed and remanded. Opinion filed March 18, 1913. Rehearing denied April 16, 1913.

W. B. McBRIDE, for appellant; MILLER & McDAVID and MASTIN & SHERLOCK, of counsel.

THOMAS R. MOULD and JOHN L. DRYER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

Plaintiff was injured November 11, 1910, while working in appellant's mine as a company man engaged in doing company work, cleaning up a fall so that cars might be run upon the track along the first west south entry. This work was being done under the direction of the mine manager. About ten days before this, a squeeze had occurred in this entry somewhere between the bottom and the north fifth stub. Appellee was assisting in the work of preparing this entry and removing the debris to permit cars to run along a part of this entry. This squeeze caused all the men working in that entry to be withdrawn. The entry had been driven about 1,000 feet beyond the north fifth stub. After this squeeze occurred gas was discovered by the mine examiner at the face of the entry and west of the last cross-cut about forty feet from the face.

The ventilating current passed the north fifth stub from east to west down the entry, through the last cross-cut, and then in a southerly direction. At the

place where appellee was working no gas was being carried by the air current.

The declaration is based upon alleged negligence and wilful violation of the statute.

The first count alleging that appellant permitted gas to accumulate in the entry and that it was being carried by the ventilating current through the mine, and that in violation of the statute appellee was permitted to enter the mine to work in that part where the gas was being carried by the ventilating current before the condition had been made safe.

The second count charges the same condition concerning gas, and that when the gas was discovered it became appellant's duty to place a conspicuous mark, etc., at the place where the gas existed, for the purpose of notifying appellee of the condition, but that appellant wilfully failed and neglected to place a conspicuous mark in said entry before permitting appellee to enter.

The third count charges the same conditions as to the accumulation of gas, and that appellant wilfully failed to make an examination or cause an examination to be made of the first west entry of the mine south where appellee was required to pass to work before permitting him to enter the mine.

The fourth count alleges that the mine examiner failed to make a daily report of the condition of the existing gas, and that appellee was permitted to enter the mine by reason of the failure to make this record as required by the statute.

The fifth count charges the same conditions as the others as to the gas, alleges that appellant failed to maintain a current of fresh air as required by the statute.

The sixth count charges an accumulation of gas, etc., and the failure of the mine examiner to mark by conspicuous marks this dangerous condition.

Appellee recovered a judgment for $7,000; appellant prosecutes this appeal.

We refrain from making any comments on the evidence or its sufficiency to sustain the verdict for the reason that the judgment must be reversed and a new trial had by reason of errors of law committed on the trial of this cause.

Appellee concedes that he was employed as a company man and entered the mine and was working under the direction of the mine manager; consequently, under the counts of the declaration alleging that he was permitted to enter the mine before all dangerous places were made safe there could be no recovery. The law does not require that all dangerous places shall be made safe before a company man engaged for this very purpose shall be permitted to enter the mine under the direction of the mine manager. If so, there could be no entrance for the purpose of making the dangerous place safe.

The mine examiner had made an examination of the condition of the mine in this entry some days previous to this accident; he had found this accumulation of gas and placed or caused to be placed a conspicuous mark at both ends of the entry, as required by the provisions of the statute, indicating its condition. That portion of the entry beyond the sixth north stub having been abandoned for several days prior to the injury to appellee, and no one had been permitted to enter that part of the entry, appellee was not injured by reason of an explosion of gas where he was at work or required to pass, but the cause of his injury was an explosion in this entry at the place where the gas had been known to accumulate, because one Romani, who had quit work at the mine when this entry was abandoned and had left his tools in the entry, came into the mine for the purpose of obtaining his tools. In order to go to the place where his tools were, Romani opened a door leading to this entry and entered with a carbide lamp; he passed the place where the conspicuous marks indicating danger had been placed by the mine examiner; his lamp ignited the gas and the explosion fol-

lowed.  The conspicuous marks placed by the mine examiner warned persons of the dangerous condition of this entry, and it was not a place where men were permitted to work or expected to pass at that time.  It was the force of the explosion and the flames caused by Romani igniting the gas which extended to the point where appellee was at work that caused his injury, and not the explosion of gas which had accumulated where he was required to pass or work.

The evidence is conflicting as to whether Romani was granted permission to go into this entry, the only claim by appellee that Romani was granted this permission is that one McReaken permitted him to go into this entry, that McReaken was a boss driver and was a sub-boss over all the miners on the south side; appellant denies that McReaken was a sub-boss or that he had any authority over any of the men excepting the drivers, and that he did not give Romani the permission claimed.  For the purpose of establishing the fact that McReaken had such authority, the trial court permitted a witness Smith to testify over objection of appellant that on the day after the explosion occurred the mine manager stated to him that McReaken had authority to give directions to the miners and that he was a sub-boss over them.  The mine manager was an employe and agent of this corporation, but no statement or admission that he might make even if the proof shows that he did make it, admitting such fact, would bind appellant.  A statement of this character, although made by an agent or employe could not bind a corporation, and it was error for the trial court to admit this evidence.  *Sibley W. H. Co. v. Durand,* 200 Ill. 354; *Gould v. Aurora, E. & C. R. Co.,* 141 Ill. App. 345.

The record further discloses that that portion of the mine wherein this accident occurred had been abandoned for several days; that a conspicuous sign was placed at the entrance to that portion of the entry which was dangerous showing its condition; and that

this mark or sign still remained at that place, and under these conditions it was not necessary that the mine examiner should examine that portion of the entry every day. Upon this question appellant asked the court to so instruct the jury by its first refused instruction; the court refused to give this instruction to the jury.

The instruction marked second refused, requested by appellant, should also have been given to the jury. It presented a question of fact upon the issues presented by the first count of the declaration, and to which it alone was applicable by its terms.

Appellant's refused instruction No. 7 contained a correct rule of law applicable to this case, no other like instruction was given. It was error to refuse each of these instructions.

For the errors here indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*